**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
1160 Battery Street East, Suite 100
San Francisco, CA 94111
Tel: (415) 373-1671
Email: aapton@zlk.com
Email: amccall@zlk.com

*Attorneys for Movant Cyress Jam*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY VILLANUEVA, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PROTERRA INC., GARETH T. JOYCE, and KARINA FRANCO PADILLA,<br><br>Defendants. | Case No.: 5:23-cv-03519-BLF<br><br>**CYRESS JAM'S MEMORANDUM OF POINTS AND AUTHORITIES FURTHER SUPPORT OF HIS MOTION FOR: (1) CONSOLIDATION OF THE ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF SELECTION OF COUNSEL; AND IN OPPOSITION TO THE COMPETING LEAD PLAINTIFF MOTIONS**<br><br>Date:        February 15, 2024<br>Time:        9:00 a.m.<br>Courtroom:  3-5th Floor<br>Judge:       Hon. Beth Labson Freeman |
| TANYA TIRADO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PROTERRA INC., GARETH T. JOYCE, KARINA FRANCO PADILLA, and AMY E. ARD,<br><br>Defendants. | Case No.: 5:23-cv-04528-PCP |

CYRESS JAM'S MEMORANDUM OF POINTS AND AUTHORITIES FURTHER SUPPORT OF HIS MOTION FOR: (1) CONSOLIDATION OF THE ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF SELECTION OF COUNSEL; AND IN OPPOSITION TO THE COMPETING LEAD PLAINTIFF MOTIONS

## I.    PRELIMINARY STATEMENT

The Private Securities Litigation Reform Act of 1995 ("PSLRA") requires courts to appoint a lead plaintiff in securities class actions asserting violations of the Securities Exchange Act of 1934. It instructs courts to appoint as lead plaintiff the movant with the largest financial interest in the litigation, so long as that movant satisfies the adequacy and typicality requirements under Rule 23. *See* 15 U.S.C. §78u-4(a)(3)(B). Under that directive, Cyress Jam, individually and on behalf of Star Alliance, LLC (collectively "Mr. Jam") is the "most adequate plaintiff" because he is the movant with the largest financial interest and otherwise satisfies the typicality and adequacy prongs of the Federal Rules of Civil Procedure 23 ("Rule 23").

The PSLRA states that the movant with the "largest financial interest" that is otherwise adequate and typical shall be appointed as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii). Courts in the Ninth Circuit have considered several different methodologies when determining a movant's financial interest, including the well-known *Olsten/Lax* factors: (1) total shares purchased, (2) net shares purchased, (3) net funds expended, and (4) approximate loss suffered. *Perlmutter v. Intuitive Surgical, Inc.,* No. 10-CV-03451-LHK, 2011 U.S. Dist. LEXIS 16813, at *11-12 (N.D. Cal. Feb. 15, 2011) (describing different approaches); *Ferrari v. Gisch,* 225 F.R.D. 599, 604 (C.D. Cal. 2004).

As the following table demonstrates, Mr. Jam possesses the largest financial interest in the Action under three of the four *Olsten/Lax* factors.

| Movant[1] | Gross Shares Purchased | Net Shares Retained | Net Funds Expended | Claimed Losses |
|---|---|---|---|---|
| Cyress Jam | 120,706 | 120,706 | $1,103,047.42 | **$1,093,258.16** |
| Melih Karamikoglu and Ilker Karakaya | 340,564 | 96,804 | $632,388.04 | $766,695.86 |
| Harold Weber | 62,000 | 62,000 | $164,340.60 | $159,031.15 |
| Michael Wade and Linda Wade | 40,500 | -25,000 | $97,908.78 | $135,488.66 |

---

[1] Recognizing that they do not possess the largest financial interest in the Actions as required by the PSLRA, movants Luong Du and Ernesto Hachey filed notices of non-opposition to the competing lead plaintiff motions. *See* ECF Nos. 42; 43.

CYRESS JAM'S MEMORANDUM OF POINTS AND AUTHORITIES FURTHER SUPPORT OF HIS MOTION FOR: (1) CONSOLIDATION OF THE ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF SELECTION OF COUNSEL; AND IN OPPOSITION TO THE COMPETING LEAD PLAINTIFF MOTIONS

*See* ECF Nos. 18-2; 21-3; 26-3; 32-5. With over ***$326,000 more*** losses than the closest competing lead plaintiff movants, Melih Karamikoglu and Ilker Karakaya ("Karamikoglu & Karakaya"), there can be no dispute that Mr. Jam holds the "largest financial interest" in the Actions and is, therefore, presumptively the "most adequate plaintiff" for the purpose of serving as lead plaintiff pursuant to the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B).

Moreover, Mr. Jam has made a preliminary showing of the typicality and adequacy requirements of Rule 23, which is all that is required at this stage in the litigation. *See Ali v. Intel Corp.*, No. 18-cv-00507-YGR, 2018 U.S. Dist. LEXIS 89401, at *5 (N.D. Cal. May 29, 2018) (focusing on typicality and adequacy). Mr. Jam is typical of the other class members insofar as he acquired Proterra Inc. ("Proterra" or the "Company") securities during the Class Period and was damaged as a result. Mr. Jam does not have any interests adverse to the class and, as demonstrated in his declaration accompanying his motion, is ideally suited to serve as the lead plaintiff given his 24 years of investing experience and professional background. *See* ECF No. 21-5.

With the largest financial interest in the outcome of the Actions and having made the preliminary showing of typicality and adequacy, Mr. Jam is entitled to the presumption of being the "most adequate plaintiff". 15 U.S.C. § 78u-4(a)(3)(B). As the competing movants cannot rebut this presumption with proof that Mr. Jam is somehow atypical or inadequate, he is entitled to be appointed as the lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Accordingly, for these reasons, Mr. Jam respectfully requests that the Court grant his motion in its entirety and deny the competing motions.

## II.    ARGUMENT

### A.  The PSLRA Process for Selecting a Lead Plaintiff.

Under the PSLRA, this Court is directed to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be the most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a) and (a)(3)(B).

CYRESS JAM'S MEMORANDUM OF POINTS AND AUTHORITIES FURTHER SUPPORT OF HIS MOTION FOR: (1) CONSOLIDATION OF THE ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF SELECTION OF COUNSEL; AND IN OPPOSITION TO THE COMPETING LEAD PLAINTIFF MOTIONS

In interpreting the PSLRA, the Ninth Circuit formulated a clear process for selecting a lead plaintiff. *See Doherty v. Pivotal Software, Inc.,* No. 3:19-cv-03589- CRB, 2019 U.S. Dist. LEXIS 195360, at *12-13 (N.D. Cal. Nov. 8, 2019); *In re Stitch Fix, Inc. Sec. Litig.,* 393 F. Supp. 3d 833 (N.D. Cal. 2019); *Abrams v. Intuitive Surgical, Inc.,* No. 5:13-CV-01920-EJD, 2013 U.S. Dist. LEXIS 165873, at *5 (N.D. Cal. Nov. 18, 2013) (citing *In re Cavanaugh*, 306 F.3d at 729-30). "[T]he courts must compare the financial stakes of the various plaintiffs, determine which has the most to gain from the lawsuit, and determine whether that plaintiff satisfies Rule 23, particularly its typicality and adequacy requirements." *Id*. (citing *In re Cavanaugh*, 306 F.3d at 730). The movant with the largest financial interest and satisfies Rule 23, is then the "presumptive lead plaintiff." See 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d at 730. "If the plaintiff with the greatest financial stake does not satisfy the Rule 23(a) criteria, the court must repeat the inquiry, this time considering the plaintiff with the next-largest financial stake, until it finds a plaintiff who is both willing to serve and satisfies the requirements of Rule 23." *Id*. Third, the court must then consider any competing lead plaintiff movants attempts to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23. *Id*.

**B.      Mr. Jam is the "Most Adequate Plaintiff".**

**1.        *Mr. Jam Possesses the "Largest Financial Interest".***

The PSLRA provides a presumption that the "most adequate plaintiff" to serve as lead plaintiff is the movant with the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Mr. Jam is entitled to that presumption because, relative to the other movant, his losses are far greater. Courts in the Ninth Circuit and throughout the country often look to the *Olsten/Lax* factors for guidance, which include: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period (*i.e.* retained through the end of the class period); (3) the total net funds expended during the class period; and (4) the approximate losses suffered. *Robb v. Fitbit Inc.*, No. 16-cv-00151-SI, 2016 U.S. Dist. LEXIS 62457, at *8 (N.D. Cal. May 10, 2016); *see also Lax v. First Merchants Acceptance Corp.,* No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *17 (N.D. Ill. Aug. 6, 1997); *In re Olsten Corp. Securities Litig.,* 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998).

Of the four factors, "the weight of authority puts the most emphasis on the competing movants' estimated losses[.]" *Bodri v. GoPro, Inc.,* No. 16-cv-00232-JST, 2016 U.S. Dist. LEXIS 57559, at *11 (N.D. Cal. Apr. 28, 2016; *See also Hessefort v. Super Micro Comput., Inc.,* 317 F. Supp. 3d 1056, 1059 (N.D. Cal. 2018) ("While the PSLRA does not specify how to calculate the largest financial interest, approximate losses in the subject securities is the preferred measure."). As demonstrated in the following chart. Mr. Jam is the movant with the largest loss under three of the four factors, including the most important factor, approximate loss suffered.

| Movant | Gross Shares Purchased | Net Shares Retained | Net Funds Expended | Claimed Losses |
|---|---|---|---|---|
| Cyress Jam | 120,706 | 120,706 | $1,103,047.42 | **$1,093,258.16** |
| Melih Karamikoglu and Ilker Karakaya | 340,564 | 96,804 | $632,388.04 | $766,695.86 |
| Harold Weber | 62,000 | 62,000 | $164,340.60 | $159,031.15 |
| Michael Wade and Linda Wade | 40,500 | -25,000 | $97,908.78 | $135,488.66 |

*See* ECF Nos. 18-2; 21-3; 26-3; 32-5. As compared to the closest competing lead plaintiff movants, Melih Karamikoglu and Ilker Karakaya, Mr. Jam retained 23,902 more shares, expended $470, 659.38 more, and lost $326,562.30 more. Accordingly, Mr. Jam has the largest financial interest in this matter. Although Karamikoglu and Karakaya purchased more gross shares than Mr. Jam, gross shares purchased is the least important of the factors. *Perlmutter,* 2011 U.S. Dist. LEXIS 16813, at *25-29 (noting that movant's purchase of the most total shares by far was less important than movant's net shares purchased and net expenditures during the class period); *Richman v. Goldman Sachs Grp., Inc.,* 274 F.R.D. 473, 476 (S.D.N.Y. 2011) (explaining that the four factors are listed in ascending order of importance, "so that the number of shares purchased (Factor 1) is the least important and the loss suffered (Factor 4) is the most important").

**2.    *Mr. Jam Satisfies Rule 23's Topicality and Adequacy Requirements.***

Not only does Mr. Jam possess the largest financial interest of all movants pursuant to the PSLRA and the widely accepted *Olsten/Lax* Factors, but he also satisfies the typicality and adequacy prongs of Rule 23, requiring his appointment as lead plaintiff. Pursuant to the PSLRA, in addition to

CYRESS JAM'S MEMORANDUM OF POINTS AND AUTHORITIES FURTHER SUPPORT OF HIS MOTION FOR: (1) CONSOLIDATION OF THE ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF SELECTION OF COUNSEL; AND IN OPPOSITION TO THE COMPETING LEAD PLAINTIFF MOTIONS

possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §77z-1(a)(3)(B)(iii)(I)(cc); 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Of the four prerequisites, only two—typicality and adequacy—are relevant inquiries on a motion for lead plaintiff, as they address the personal characteristic of the class representative. *See Ali v. Intel Corp.*, No. 18-cv-00507-YGR, 2018 U.S. Dist. LEXIS 89401, at *5 (N.D. Cal. May 29, 2018) (focusing on typicality and adequacy). Only a "preliminary showing" of typicality and adequacy is required at this stage. *See Guohua Zhu v. UCBH Holdings, Inc.,* 682 F. Supp. 2d 1049, 1053 (N.D. Cal. 2010.

Typicality exists "the claims . . . of the representative parties" are "typical of the claims . . . of the class.". Rule 23(a)(3); *see also Ferrari v. Gisch*, 225 F.R.D. 599, 606. (C.D. Cal. 2004). Mr. Jam's claims are typical of those of other Class members because, like other Class members, he acquired Proterra securities during the Class Period at prices artificially inflated by Defendants' misrepresentations and/or omissions that form the basis of the Actions. Moreover, Mr. Jam's claims are based on the same legal theory and arise from the same events and course of conduct as the Class's claims.

To satisfy the adequacy requirement at this stage of the proceedings, Mr. Jam must make a preliminary showing that his interests are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between his interests and other members of the Class. 15 U.S.C. § 78u-4(a)(3)(B); *see Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1994) (citation omitted). Mr. Jam has no conflicts with other Class Members, nor is there evidence of any antagonism between his interest and those of the Class.

Finally, Mr. Jam has further demonstrated his adequacy by submitting a declaration in support of his Motion, attesting that he is ready, willing, and able to oversee this litigation. In the declaration, Mr. Jam provided his education, employment, and years of investing experience. ECF No. 21-5. Mr. Jam is more than qualified to represent the Class with over 24 years of investing experience. *Id*. at ¶2. Mr. Jam is currently retired, but prior to that, he owned several businesses over a 35-year period including a hydraulic cylinder manufacturing business, and a law enforcement agency contracting

CYRESS JAM'S MEMORANDUM OF POINTS AND AUTHORITIES FURTHER SUPPORT OF HIS MOTION FOR:
(1) CONSOLIDATION OF THE ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF
SELECTION OF COUNSEL; AND IN OPPOSITION TO THE COMPETING LEAD PLAINTIFF MOTIONS

company. *Id.* at 3. Since Mr. Jam has the largest financial interest in the relief sought by the Class and otherwise satisfies Rule 23, he is the presumptive "most adequate plaintiff" of the Class within the meaning of the PSLRA.

Mr. Jam, therefore, is the movant for lead plaintiff that has the largest financial interest in the Actions and otherwise meets the requirements of Rule 23. Accordingly, Mr. Jam is entitled to the presumption that he is the "most adequate plaintiff" and that he should be appointed as the lead plaintiff. 15 U.S.C § 78u-4(a)(3)(B)(iii)(II).

**C. No Movant Can Rebut the Strong Presumption in Favor of Appointing Mr. Jam as Lead Plaintiff.**

By having timely filed a motion for appointment as the lead plaintiff, possessing the largest financial interest in the Actions of all movants, and sufficiently making a preliminary, *prima facie* showing of typicality and adequacy, Mr. Jam has fulfilled the PSLRA's requirements to become the "most adequate plaintiff." *See* 15 U.S.C. §78u-4(a)(3)(B)(iii) (discussing requirements to become the "most adequate plaintiff"). In considering step three of the lead plaintiff appointment process laid out in *Cavanaugh*, competing movants may attempt to rebut the presumptive lead plaintiff's showing of typicality and adequacy only with actual proof that the presumptive lead plaintiff cannot effectively represent the class or is subject to a unique defense. *In re Cavanaugh*, 306 F.3d at 740-41 ("the presumption of most adequate plaintiff may be overcome only upon proof that the presumptively most adequate plaintiff 'will not fairly and adequately protect the interests of the class'"). "Speculative assertions" are insufficient to rebut the lead plaintiff presumption. *See Armour v. Network Assocs.,* 171 F. Supp. 2d 1044, 1054 (N.D. Cal. 2001) (collecting cases).

**D. Approval of Plaintiff's Choice of Counsel Is Appropriate.**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *Sanders v. VeriFone Sys.,* No. 5:13-CV-01038-EJD, 2013 U.S. Dist. LEXIS 145000, at *11 (N.D. Cal. Oct. 7, 2013) ("'The District Court does not select class counsel at all', and

CYRESS JAM'S MEMORANDUM OF POINTS AND AUTHORITIES FURTHER SUPPORT OF HIS MOTION FOR: (1) CONSOLIDATION OF THE ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF SELECTION OF COUNSEL; AND IN OPPOSITION TO THE COMPETING LEAD PLAINTIFF MOTIONS

typically approves the lead plaintiff's selection of counsel") (citing *In re Cavanaugh*, 306 F.3d at 732-34).

Mr. Jam selected and retained Levi & Korsinsky to serve as Lead Counsel for the Class. Levi & Korsinsky has extensive experience in litigating securities class actions and has been appointed lead or co-lead counsel in a number of actions in this Circuit and across the Country. *See also e.g., Ryan v. FIGS, Inc. et al.*, Case No. 2:22-cv-07939-ODW (KSx), ECF No. 64 (C.D. Cal. Feb. 14, 2023); *Schoen v. Eiger Biopharmaceuticals, Inc.*, Case No. 22-cv-06985-RS, 2023 U.S. Dist. LEXIS 18551, at *6-7 (N.D. Cal. Feb. 3, 2023) (noting "the firm appears to have adequate experience in securities actions, as well as the resources and financial ability to be lead counsel."); *Gilbert v. Azure, et al.*, No. 1:22-cv-7432-GHW, 2022 U.S. Dist. LEXIS 221793, at *17 (S.D.N.Y. Dec. 8, 2022) (appointing Levi & Korsinsky noting the firm "is experienced in securities class action litigation" and "has been appointed by judges in this District to serve as lead counsel or co-lead counsel in other matters"); *Michalski v. Weber Inc., et al.*, Case No. 1:21-cv-03966-EEB, ECF No. 59 (N.D. Ill. Nov. 29, 2022); *Patterson v. Cabaletta Bio, Inc., et al.*, Case 2:22-cv-00737-JMY, ECF No. 10 (E.D. Pa. Aug. 10, 2022); *see also* ECF No. 19-6 (firm resume). Accordingly, Mr. Jam's choice of lead counsel should be approved.

## III.   CONCLUSION

For the foregoing reasons, Mr. Jam respectfully requests that this Court grant his motion: (1) appointing him as Lead Plaintiff for the Class in the Actions; (2) approving Levi & Korsinsky as Lead Counsel for the Class; and (3) grant such other and further relief as the Court may deem just and proper.

Dated: September 26, 2023                Respectfully submitted,

                                        **LEVI & KORSINSKY, LLP**

                                        */s/ Adam M. Apton*
                                        Adam M. Apton (SBN 316506)
                                        Adam C. McCall (SBN 302130)
                                        1160 Battery Street East, Suite 100
                                        San Francisco, CA 94111
                                        Tel: (415) 373-1671
                                        Email: aapton@zlk.com
                                        Email: amccall@zlk.com

8

CYRESS JAM'S MEMORANDUM OF POINTS AND AUTHORITIES FURTHER SUPPORT OF HIS MOTION FOR:
(1) CONSOLIDATION OF THE ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF
SELECTION OF COUNSEL; AND IN OPPOSITION TO THE COMPETING LEAD PLAINTIFF MOTIONS

*Attorneys for Cyress Jam, individually and on behalf of Star Alliance, LLC, and [Proposed] Lead Counsel for the Class*

CYRESS JAM'S MEMORANDUM OF POINTS AND AUTHORITIES FURTHER SUPPORT OF HIS MOTION FOR: (1) CONSOLIDATION OF THE ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF SELECTION OF COUNSEL; AND IN OPPOSITION TO THE COMPETING LEAD PLAINTIFF MOTIONS