UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JEREMY VILLANUEVA,<br><br>Plaintiff,<br><br>v.<br><br>PROTERRA INC., et al.,<br><br>Defendants. | Case No. 23-cv-03519-BLF<br><br>**ORDER APPOINTING CYRESS JAM AS LEAD PLAINTIFF AND LEVI & KORSINSKY AS LEAD COUNSEL**<br><br>[Re: ECF No. 17, 21, 24, 25, 32, 36] |

Before the Court are six motions for appointment of lead plaintiff and approval of selection of lead counsel. ECF Nos. 17, 21, 24, 25, 32, 36. For the reasons stated below, the Court GRANTS Plaintiff Cyress Jam's motion at ECF No. 21 and DENIES the remaining motions at ECF Nos. 16, 24, 25, 32, and 36.

**I.    BACKGROUND**

On July 14, 2023, Jeremy Villanueva filed this putative securities class action lawsuit against Defendants Proterra Inc., Gareth T. Joyce, and Karina Franco Padilla (collectively "Defendants"). *See* ECF No. 1 ("Compl."). Proterra designs and manufactures zero-emission electric transit vehicles and electric vehicle solutions for commercial applications. *Id.* ¶ 2. The complaint alleges that between August 2, 2022 to March 15, 2023, Defendants issued false and/or materially misleading statements and omissions about Proterra's balance sheet and gross margins. *Id.* ¶¶ 25–37. The complaint alleges that when Proterra released its quarterly earnings for the fourth quarter of 2022, which reflected a net loss of $81 million and a gross loss of $20.3 million, the company's stock price fell from $2.51 to $1.16. *Id.* ¶¶ 35–37. As a result of Defendants' actions, the complaint alleges that "Plaintiff and the other Class members suffered economic loss, *i.e.*, damages, under the federal securities laws." *Id.* ¶ 42. As a result, Villaneuva filed this

1  lawsuit for violations of the Securities Exchange Act of 1934 on behalf of all persons who
2  purchased Proterra securities during the Class Period. *Id.* ¶ 51.

3        About six weeks after the complaint in this case was filed, another securities fraud suit was
4  filed against Proterra alleging substantially the same facts and legal theory. *See Tirado v.*
5  *Proterra, Inc.*, No. 5:23-cv-04528-BLF. On October 23, 2023, the Court ordered that *Tirado* is
6  related to this case. ECF No. 56. Jam's motion to appoint lead plaintiff and lead counsel has
7  adopted the broader Class Period identified in *Tirado*: August 11, 2021 to August 7, 2023. *See*
8  ECF No. 21 at 6 n.1.

9        On the date that the complaint in this case was filed, July 14, 2023, a Private Securities
10 Litigation Reform Act of 1995 ("PSLRA") early notice was issued advising potential class
11 members of the claims alleged in the action and the 60-day deadline for class members to move to
12 be appointed as lead plaintiff. *See* ECF No. 21-4 at 2–3. On September 12, 2023, six plaintiffs
13 filed a motion for appointment as lead plaintiff and approval of selection of counsel: (1) Michael
14 and Linda Wade, ECF No. 17; (2) Cyress Jam, ECF No. 21; (3) Ernesto Hachey, ECF No. 24;
15 (4) Melih Karamikoglu and Ilker Karakaya, ECF No. 25; (5) Harold Weber, ECF No. 32; and
16 (6) Luong Du, ECF No. 36. Between September 20 and September 26, 2023, all plaintiff movants
17 with the exception of Jam withdrew their motions or filed statements of non-opposition to the
18 Court appointing the lead plaintiff movant with the largest financial interest. *See* ECF No. 42
19 (Du); ECF No. 43 (Hachey); ECF No. 44 (the Wades); ECF No. 45 (Weber); ECF No. 46
20 (Karamikoglu and Karakaya).

**II.   LEGAL STANDARD**

    **A.   Lead Plaintiff**

The PSLRA governs the procedure for selection of lead plaintiff in all private class actions under the Exchange Act. 15 U.S.C. § 78u-4(a)(3). Pursuant to the PSLRA, the court shall appoint as lead plaintiff "the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members," also referred to as the "most adequate plaintiff." *Id.* § 78u-4(a)(3)(B)(i).

The PSLRA "provides a simple three-step process for identifying the lead plaintiff." *In re*

1  *Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002).  First, the pendency of the action, the claims made,
2  and the purported class period must be publicized in a "widely circulated national business-
3  oriented publication or wire service." *Id.* (citing 15 U.S.C. § 78u-4(a)(3)(A)(i)).  This notice must
4  be published within 20 days of the filing of the complaint. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i).  It
5  must also alert members of the purported class that they have 60 days to move for appointment as
6  lead plaintiff.  *See id.* § 78u-4(a)(3)(A)(i)(II).

7  Second, the court must identify the presumptive lead plaintiff.  To do so, the court "must
8  compare the financial stakes of the various plaintiffs and determine which one has the most to gain
9  from the lawsuit." *Cavanaugh*, 306 F.3d at 730.  In calculating financial stakes, "the court may
10 select accounting methods that are both rational and consistently applied." *Id.* at 730 n.4.  The
11 court must then determine whether the individual with the largest financial stake, "based on the
12 information he has provided in his pleadings and declarations," satisfies the requirements of
13 Rule 23(a), "in particular those of 'typicality' and 'adequacy.'" *Id.* at 730.  If the plaintiff with the
14 largest financial interest satisfies these requirements, he or she becomes the "presumptively most
15 adequate plaintiff." *Id.*; *see also* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  Finally, the other plaintiffs
16 must have "an opportunity to rebut the presumptive lead plaintiff's showing that [he or she]
17 satisfies Rule 23's typicality and adequacy requirements." *Cavanaugh*, 306 F.3d at 730.  Unless a
18 member of the purported plaintiff class provides proof that the presumptive plaintiff "(aa) will not
19 fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that
20 render such plaintiff incapable of adequately representing the class," the court must appoint the
21 presumptively most adequate plaintiff as lead plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see*
22 *also Cavanaugh*, 306 F.3d at 732.

23 **B.   Lead Counsel**

24 Under the PSLRA, the lead plaintiff has the right, subject to court approval, to "select and
25 retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v).  "[T]he district court should
26 not reject a lead plaintiff's proposed counsel merely because it would have chosen differently."
27 *Cohen v. U.S. Dist. Court*, 586 F.3d 703, 711 (9th Cir. 2009) (citation omitted).  "[I]f the lead
28 plaintiff has made a reasonable choice of counsel, the district court should generally defer to that

3

1   choice." *Id.* at 712 (citations omitted).

2   **III.   DISCUSSION**

3       **A.   Request to Consolidate Cases**

4   All six of the lead plaintiff movants also moved for the Court to consolidate this action
5   with *Tirado*. The PSLRA provides that "[i]f more than one action on behalf of a class asserting
6   substantially the same claim or claims arising under this subchapter has been filed," the Court
7   shall not make the determination of the most adequate plaintiff until "after the decision on the
8   motion to consolidate is rendered." 15 U.S.C. § 77z-1(a)(3)(B)(ii). "As soon as practicable after
9   [the consolidation] decision is rendered, the court shall appoint the most adequate plaintiff as lead
10  plaintiff for the consolidated actions." *Id.*

11  "If actions before the court involve a common question of law or fact, the court may . . .
12  consolidate the actions." Fed. R. Civ. P. 42(a)(2). District courts have "broad discretion under
13  [Rule 42(a)] to consolidate cases pending in the same district." *Investors Research Co. v. U.S.*
14  *Dist. Court for Cent. Dist. of California*, 877 F.2d 777, 777 (9th Cir. 1989). "In determining
15  whether or not to consolidate cases, the Court should weigh the interest of judicial convenience
16  against the potential for delay, confusion and prejudice." *Bodri v. Gopro, Inc.*, 2016 WL
17  1718217, at *1 (N.D. Cal. Apr. 28, 2016) (quotation marks omitted) (quoting *Zhu v. UCBH*
18  *Holdings, Inc.*, 682 F.Supp.2d 1049, 1052 (N.D. Cal. 2010)).

19  This case and *Tirado*, which are both pending before the Court, present similar factual and
20  legal issues, as they each involve the same subject matter and are based on the same alleged
21  wrongful course of conduct. *Compare* Compl., *with Tirado* ECF No. 1 ("*Tirado* Compl."). Both
22  cases bring claims under the Securities Exchange Act of 1934 and SEC Rule 10b-5 against
23  Proterra, Gareth Joyce, and Karina Franco Padilla. In addition, *Tirado* raises these claims against
24  Amy E. Ard. *Tirado* Compl. ¶ 15. Although *Tirado* defines the class using a broader time period,
25  both cases arise from the same set of facts and circumstances (namely, public statements about
26  Proterra's balance sheet and gross margins), involve the same subject matter, and the same class
27  (persons who purchased Proterra stock during the class period). As such, the same discovery and
28  similar class certification issues will be relevant to both actions. Accordingly, the Court finds that

*Tirado* is related to this action and CONSOLIDATES this case with *Tirado*.

### B. Procedural Requirements

Pursuant to the PSLRA, Levi & Korsinsky published notice of the pending action on July 14, 2023, the same date the complaint was filed. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i); ECF No. 21-4 at 2–3. The notice announced the pendency of this action, listed the claims, specified the class period, and advised putative class members that they had 60 days from the date of the notice to file a motion to seek appointment as lead plaintiff in the lawsuit. *Id.* Thus, the notice complied with the PSLRA's requirements. *See* 15 U.S.C. § 78u-4(a)(3)(A). All six plaintiffs filed motions for appointment as lead plaintiff on September 12, 2023, the last day within the 60-day deadline. All plaintiffs have met the statutory notice requirements.

### C. Greatest Financial Loss

In considering which movant for lead plaintiff appointment in a securities class action has the greatest financial interest, courts generally consider a four-factor test: "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered." *Perlmutter v. Intuitive Surgical, Inc.*, No. 10-CV-03451-LHK, 2011 WL 566814, at *7 (N.D. Cal. Feb. 15, 2011) (citations omitted). Courts place the most emphasis on the final factor—the approximate losses suffered. *See id.*

Jam has submitted a "loss chart" setting forth calculations of his alleged losses, totaling approximately $1,093,258.16 under a LIFO and *Dura* LIFO analysis. ECF No. 21-3 at 2. Because Jam's motion is unopposed, Jam is necessarily the prospective lead plaintiff with the greatest financial interest in the litigation. *See* ECF No. 42 (Du Notice of Non-Opposition); ECF No. 43 (Hachey Withdrawal of Motion); ECF No. 44 (the Wades Notice of Non-Opposition); ECF No. 45 (Weber Notice of Non-Opposition); ECF No. 46 (Karamikoglu and Karakaya Notice of Non-Opposition); *see also City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, No. 12-CV-06039-LHK, 2013 WL 2368059, at *3 (N.D. Cal. May 29, 2013) ("Without access to financial information from other parties, the Court is constrained to conclude that the [proposed plaintiff's] alleged loss best qualifies it to serve as lead plaintiff.") (quoting

5

*Bassin v. Decode Genetics, Inc.*, 230 F.R.D. 313, 316 (S.D.N.Y. 2005))).

## D. Rule 23 Requirements

Upon determining the movant with the largest financial interest, the court "must then focus its attention on *that* plaintiff and determine . . . whether he [or she] satisfies the requirements of Rule 23(a)." *Cavanaugh*, 306 F.3d at 730; *see also* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) requires satisfaction of four factors to serve as a class representative:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). The typicality and adequacy requirements of Rule 23 are the main focus of this determination. *See Cavanaugh*, 306 F.3d at 730. Examination of the remaining requirements is deferred until the lead plaintiff moves for class certification. The movant with the largest financial interest "need only make a prima facie showing [of its] typicality and adequacy." *Veal v. LendingClub Corp.*, No. 18-cv-02599-BLF, 2018 WL 5879645, at *4 (N.D. Cal. Nov. 7, 2018) (citing *Cavanaugh*, 306 F.3d at 731).

In determining whether typicality is satisfied, the Court inquires "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *In re Twitter Inc. Sec. Litig.*, 326 F.R.D. 619, 629 (N.D. Cal. 2018) (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)). In this case, like all other members of the purported class, Jam purchased Proterra stocks during the Class Period, when Proterra's stock prices were allegedly artificially inflated by Defendants' misrepresentations and/or omissions, and Jam allegedly suffered damages when those misrepresentations and/or omissions came to light. *See* ECF No. 21 at 8. Jam's claims thus appear to be typical, if not identical, to the claims of other members of the putative class.

In determining whether the lead plaintiff will adequately represent the class, the Court must resolve two questions: "(1) do the named plaintiffs and their counsel have any conflicts of

6

interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *In re Twitter*, 326 F.R.D. at 626 (quoting *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 985 (9th Cir. 2011)). In this case, there are no indications of conflicts of interest between Jam and other class members. The Court is also satisfied that Jam will prosecute this action vigorously. Jam is motivated to prosecute the case due to his large financial interest. *See* ECF No. 21-3 at 2; ECF No. 21 at 9. Jam also an experienced investor in securities. He is the sole owner of Star Alliance, LLC, an investment vehicle used for his personal investments. ECF No. 21-5 ¶ 2. Jam has also invested in securities for twenty-four years. *Id.* ¶ 3. Finally, Jam has experience hiring and overseeing attorneys because he has had attorneys on retainer for personal and business matters for the last thirty years. *Id.* The Court also notes that Jam has been diligent in seeking appointment as lead plaintiff. Therefore, the Court concludes that Jam will adequately represent the class.

The Court must then "give other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements." *Cavanaugh*, 306 F.3d at 730 (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)). The presumption of adequacy "may be rebutted only upon proof . . . that the presumptively most adequate plaintiff" does not satisfy the adequacy or typicality requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *Cavanaugh*, 306 F.3d at 729 n.2. Other plaintiffs have been afforded an opportunity to rebut Jam's showing that he as the presumptive lead plaintiff satisfies Rule 23's typicality and adequacy requirements. However, Jam's motion is unopposed, and no member of the purported plaintiff class has provided proof that Jam "will not fairly and adequately protect the interests of the class" or that Jam "is subject to unique defenses that render [him] incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Accordingly, the Court APPOINTS Jam to serve as Lead Plaintiff.

### E. Lead Counsel

No parties have objected to Jam's selection of Levi & Korsinsky LLP as counsel. The Court has reviewed the firm's resume, ECF No. 21-6, and is satisfied that Jam has made a reasonable choice of counsel. *See also* ECF No. 21 at 10. Accordingly, the Court APPROVES

Jam's selection of Levi & Korsinsky as Lead Counsel.

**IV.  ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. *Villanueva v. Proterra Inc.*, No. 23-3519, and *Tirado v. Proterra Inc.*, No. 23-4528, are CONSOLIDATED.  All future filings in the consolidated action will be filed in *Villanueva*. The Court ORDERS that the Clerk of the Court administratively close *Tirado*.

2. Cyress Jam is APPOINTED as Lead Plaintiff;

3. Levi & Korsinsky LLP is APPOINTED as Lead Counsel; and

4. All other Motions to Appoint Lead Plaintiff and Lead Counsel are DENIED.

5. Lead Plaintiff shall advise the Court whether he intends to file a consolidated amended complaint.

Dated:  October 23, 2023

_____
BETH LABSON FREEMAN
United States District Judge