**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
Jennifer Kennedy Park (SBN 344888)
jkpark@cgsh.com
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Telephone: 650-815-4100

Victor L. Hou (Admitted *Pro Hac Vice*)
vhou@cgsh.com
Jared Gerber (Admitted *Pro Hac Vice*)
jgerber@cgsh.com
Sabrina Singer (Admitted *Pro Hac Vice*)
ssinger@cgsh.com
One Liberty Plaza
New York, NY 10006
Telephone: 212-225-2000
Facsimile: 212-225-3999

*Attorneys for Defendants Gareth T. Joyce, Karina
Franco Padilla, Amy E. Ard, John J. Allen, Andrew J.
Cederoth, Brook F. Porter, Joan Robinson-Berry,
Jeannine P. Sargent, Constance E. Skidmore, and
Michael D. Smith*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| JEREMY VILLANUEVA, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> GARETH T. JOYCE, KARINA FRANCO PADILLA, AMY E. ARD, JOHN J. ALLEN, ANDREW J. CEDEROTH, JOHN F. ERHARD, BROOK F. PORTER, JOAN ROBINSON-BERRY, JEANNINE P. SARGENT, CONSTANCE E. SKIDMORE, MICHAEL D. SMITH, DANIEL R. REVERS, MARCO F. GATTI, ARNO HARRIS, JA-CHIN AUDREY LEE, BRIAN GONCHER, and STEVEN BERKENFELD, <br><br> Defendants. | Case No. 3:23-cv-03519-RFL <br><br> **REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE IN SUPPORT OF PROTERRA DEFENDANTS' MOTION TO DISMISS THE AMENDED CONSOLIDATED COMPLAINT** <br><br> Hearing: July 30, 2024 <br> Time: 10:00 am <br> San Francisco, Courtroom 15 <br> Before Hon. Rita. F. Lin |

**PLEASE TAKE NOTICE** that on July 30, 2024 at 10:00 am, Defendants Gareth T. Joyce, Karina Franco Padilla, Amy E. Ard, John J. Allen, Andrew J. Cederoth, Brook F. Porter, Joan Robinson-Berry, Jeannine P. Sargent, Constance E. Skidmore, and Michael D. Smith (collectively, the "Proterra Defendants") will and do hereby request that the Court consider the facts and documents identified below in support of their Motion to Dismiss Plaintiffs' second Amended Consolidated Complaint for Violations of the Federal Securities Laws (ECF No. 83) (the "SAC"). Exhibits 1 through 7 are attached to the Declaration of Jennifer Kennedy Park ("Park Declaration") filed concurrently herewith.

## I.      INTRODUCTION

The Court should consider Park Exhibits 1 through 7 in resolving the Proterra Defendants' Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). All of these documents are incorporated by reference into the SAC and/or are the proper subject of judicial notice under Federal Rule of Evidence 201 ("Rule 201").

The documents that are the subject of this request are as follows:

| Ex. | Description | Cited in SAC |
|---|---|---|
| 1 | Proterra's Q3 2022 earnings call held on November 2, 2022 (the "Q3 2022 Earnings Call") | ¶¶ 221, 313, 315, 317, 319, 323 |
| 2 | Proterra's FY 2022 10-K | ¶¶ 380, 382-85, 510-11 |
| 3 | Proterra's Q1 2023 10-Q | ¶¶ 408, 410-13, 510-11 |
| 4 | Gareth Joyce's Forms 4 filed during the Class Period ("Joyce Forms 4") | ¶¶ 487-89 |
| 5 | Karina Padilla's Forms 4 filed during the Class Period ("Padilla Forms 4") | ¶¶ 490-92 |
| 6 | Proterra's February 24, 2023 8-K | |
| 7 | Proterra's March 2, 2023 NT 10-K | |

**Incorporation by Reference**: Park Exhibits 1 through 5 are incorporated by reference in the SAC because they are extensively quoted from and cited in the SAC and form the basis for Plaintiffs' claims brought under Sections 10(b) and 20(a) of the Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder. As such, Park Exhibits 1 through 5 are

incorporated by reference in the SAC and appropriately considered in their entirety.

**Judicial Notice**: To the extent Park Exhibits 1 through 5 are not incorporated by reference into the SAC, the Court should take judicial notice of them. In addition, Exhibits 6 and 7 are also the proper subject for judicial notice because they are publicly available SEC filings, there is no dispute as to their authenticity and contents, and they are being offered only to demonstrate that certain additional disclosures were publicly made, not for the truth of the matters asserted in such disclosures.

## II.    LEGAL STANDARDS

On a motion to dismiss, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007).

**Incorporation by Reference**: A document is "incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). The incorporation-by-reference doctrine "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018); *see also Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (incorporation by reference doctrine "[p]revent[s] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting . . . documents upon which their claims are based"). Where a document is incorporated by reference, the court "may treat . . . [it] as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Ritchie*, 342 F.3d at 908; *see also Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (same).

**Judicial Notice**: Rule 201 provides that a court may "take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). Judicial notice is appropriate where a fact is not subject to reasonable dispute because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See* Fed. R.

Evid. 201(b)(2). Moreover, courts "take judicial notice of publications introduced to indicate what was in the public realm at the time, not whether the contents of those articles were in fact true." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010). Judicially noticeable materials may be considered along with a complaint when deciding a motion to dismiss for failure to state a claim. *See Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016 n.9 (9th Cir. 2012).

## III.     ARGUMENT

### A.     Exhibits 1 Through 5 Are Incorporated By Reference In The SAC

The court may consider evidence incorporated by reference if: "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). Park Exhibits 1 through 5 are incorporated by reference because each is extensively quoted from and referenced in the SAC, forms the basis for Plaintiffs' Exchange Act claims, and are documents publicly filed with the SEC for which there can be no question as to their authenticity. *Wilson v. Oakland Unified Sch. Dist.*, 2024 U.S. Dist. LEXIS 43767, at *13-14 (N.D. Cal. Mar. 12, 2024) ("Incorporation by reference permits a district court to consider documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the . . . pleadings.").

**Exhibit 1**: The SAC alleges that Defendants Joyce and Padilla made allegedly false or misleading statements on Proterra's Q3 2022 Earnings Call, SAC ¶¶ 221, 313, 315, 317, 319, 323. The SAC selectively quotes from the Q3 2022 Earnings Call, in which Defendants Joyce and Padilla offered additional context for their statements, including meaningful cautionary language that renders their statements nonactionable under the Exchange Act. The Q3 2022 Earnings Call forms a substantial basis for Plaintiffs' claims. Accordingly, the Court should consider the entire Q3 2022 Earnings Call transcript, rather than just the excised portions selectively quoted and mischaracterized in the SAC. *See Habelt v. iRhythm Techs., Inc.*, 2022 U.S. Dist. LEXIS 60358, at *19 (N.D. Cal. Mar. 31, 2022) ("Courts in this district routinely consider investor call transcripts

under th[e] [incorporation by reference] doctrine.").

**Exhibits 2 and 3**: The SAC alleges that various quarterly and annual SEC filings made by Proterra contained actionable misstatements and omissions, including Proterra's FY 2022 10-K, SAC ¶¶ 380, 382-85, 510-11 and Q1 2023 10-Q, *id.* ¶¶ 408, 410-13, 510-11 (collectively, the "Quarterly and Annual Filings"). The SAC selectively quotes from the Quarterly and Annual Filings. The Quarterly and Annual Filings contain extensive disclosures of the financial and operational challenges Proterra was facing during the Class Period, including significant cautionary language that undermines Plaintiffs' claims. Accordingly, the Court should consider the Quarterly and Annual Filings in full, rather than just the portions excerpted by Plaintiffs. *See In re Ocera Therapeutics Sec. Litig.*, 2018 U.S. Dist. LEXIS 219270, at *17 (N.D. Cal. Oct. 16, 2018) (incorporating by reference Forms 10-Q where they were "referenced or quoted multiple times in the Complaint").

**Exhibits 4 and 5**: The SAC asserts scienter allegations based on purported sales of Proterra stock by Defendants Joyce and Padilla during the Class Period. SAC ¶¶ 485-92. The SAC's summary of the stock sale transactions for Defendants Joyce and Padilla relies on information provided in public Form 4 filings with the SEC. *See id.* ¶¶ 487-92. However, the SAC omits key details from the Form 4 filings about those sales, including that all of the sales were automatic transactions made by Proterra on behalf of Defendants Joyce and Padilla to satisfy tax withholding obligations in connection with the vesting of restricted stock units. Accordingly, the Court should consider the Form 4 filings themselves, rather than the selective summary of these documents provided by Plaintiffs in the SAC. *See Sneed v. AcelRx Pharms., Inc.*, 2022 U.S. Dist. LEXIS 176319, at *8-9 (N.D. Cal. Sep. 28, 2022) (incorporating by reference defendants' Form 4 filings). In fact, the SAC itself affirmatively states that these Form 4 filings are "hereby incorporated by reference" into the pleading. SAC ¶ 486.

Plaintiffs can hardly dispute that the public filings relied upon and quoted from in the SAC are integral to their Exchange Act claims. Thus, the full contents of those documents are properly considered in ruling on the Proterra Defendants' Motion to Dismiss.

**REQUEST FOR JUDICIAL NOTICE**
**I/S/O MOTION TO DISMISS**
**CASE NO. 3:23-CV-03519-RFL**

**B.     The Court Should Take Judicial Notice Of Exhibits 1 Through 7**

Courts may take judicial notice of a fact that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Distinct from the doctrine of incorporation by reference set forth above, judicial notice extends to "matters of public record" outside the pleadings. *Currey v. Homecomings Fin., LLC*, 2009 WL 1227010, at *3 (N.D. Cal. May 1, 2009).

To the extent not incorporated by reference, judicial notice of Park Exhibits 1 through 5 is also appropriate. The contents of the public documents represented in Park Exhibits 1 through 5 are not subject to reasonable dispute. Park Exhibits 1 through 5—SEC filings, an earnings call transcript, and Forms 4—are all in the public record and, therefore, the proper subject for judicial notice. *See In re SolarCity Corp. Sec. Litig.*, 274 F. Supp. 3d 972, 988 (N.D. Cal. 2017) (taking judicial notice of proxy statements); *Wochos v. Tesla, Inc.*, 2018 WL 4076437, at *2 (N.D. Cal. Aug. 27, 2018) (taking judicial notice of a transcript of an earnings call). Accordingly, here too the Court should take judicial notice of these documents. *See Glenbrook Cap. Ltd. P'ship v. Kuo*, 525 F. Supp. 2d 1130, 1137 (N.D. Cal. Sept. 6, 2007) (taking judicial notice of 8-K and 10-Q Forms because "each of the documents . . . is explicitly incorporated by reference in Plaintiff's Complaint," and "the documents are . . . SEC filings, . . . which are judicially noticeable").

In addition, Park Exhibits 6 and 7—public SEC filings—are the proper subject of judicial notice. Courts "routinely take judicial notice of . . . documents [filed with the SEC] for the purpose of determining what information was available to the market." *In re Splunk Inc. Sec. Litig.*, 592 F. Supp. 3d 919, 930 (N.D. Cal. 2022); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of . . . matters of public record."). The court may and should here "consider . . . any matter subject to judicial notice, such as SEC filings." *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006).

**IV.     CONCLUSION**

For the foregoing reasons, the Proterra Defendants respectfully request that, in ruling on

their Motion to Dismiss the SAC, the Court: (1) consider under the incorporation by reference doctrine Exhibits 1 through 5 to the Park Declaration, and take judicial notice of Exhibits 1 through 7 to the Park Declaration.

Dated: April 5, 2024                                    CLEARY GOTTLIEB STEEN & HAMILTON LLP


                                                        /s/ Jennifer Kennedy Park
                                                        Jennifer Kennedy Park (SBN 344888)
                                                        jkpark@cgsh.com

**REQUEST FOR JUDICIAL NOTICE**
**I/S/O MOTION TO DISMISS**
**CASE NO. 3:23-CV-03519-RFL**