**EXHIBIT A-1 (REVISED)**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| JEREMY VILLANUEVA, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> GARETH T. JOYCE, KARINA FRANCO PADILLA, JOHN J. ALLEN, AMY E. ARD, JOHN F. ERHARD, BROOK F. PORTER, JOAN ROBINSON-BERRY, JEANNINE P. SARGENT, CONSTANCE E. SKIDMORE, MICHAEL D. SMITH, DANIEL R. REVERS, MARCO F. GATTI, ARNO HARRIS, JA-CHIN AUDREY LEE, BRIAN GONCHER, and STEVEN BERKENFELD, <br><br> Defendants. | No. 5:23-cv-03519-EKL <br><br> <u>CLASS ACTION</u> |

## NOTICE OF PENDENCY OF CLASS ACTION
## AND PROPOSED CLASS ACTION SETTLEMENT

**You may be entitled to a payment from a class action settlement if you: (1) purchased or otherwise acquired public shares in Proterra Inc. ("Proterra") pursuant and/or traceable to the proxy/registration statement dated May 14, 2021 relating to Proterra's business combination with ArcLight Clean Transition Corp.; and/or (2) purchased or otherwise acquired Proterra common stock between August 11, 2021 and August 7, 2023, both dates inclusive.**

*A Federal Court authorized this notice.  This is not a solicitation from a lawyer.*

**IF YOU ARE A CLASS MEMBER, YOUR LEGAL RIGHTS WILL BE AFFECTED BY THIS SETTLEMENT WHETHER YOU ACT OR DO NOT ACT.  PLEASE READ THIS NOTICE CAREFULLY.**

- **Purpose of Notice:** The purpose of this Notice[1] is to inform you of the pendency of this securities class action (the "Action"), the proposed settlement of the Action (the "Settlement"), and a hearing to be held by the Court to consider: (i) whether the Settlement should be approved; (ii) whether the proposed plan for allocating the proceeds of the Settlement (the "Plan of Allocation") should be approved; and (iii) Lead Counsel's application for attorneys' fees and expenses.  This Notice describes important rights you may have and what steps you must take if you wish to participate in the Settlement, wish to object, or wish to be excluded from the Class.

- **Summary of Claims Resolved:**  The Settlement resolves claims by the Court-appointed Lead Plaintiff Cyress Jam and additional Plaintiffs Jeremy Villanueva, Tanya Tirado, Luong Du, William E. Zinn, and Raymond H. Quick (collectively, "Plaintiffs"), that have been asserted on behalf of themselves and the Class against Defendants Gareth T. Joyce, Karina Franco Padilla, Amy E. Ard, John J. Allen, Andrew J. Cederoth, John F. Erhard, Brook F. Porter, Joan Robinson-Berry, Jeannine P. Sargent, Constance E. Skidmore, Michael D. Smith, Daniel R. Revers, Marco F. Gatti, Arno Harris, Ja-Chin Audrey Lee, Brian Goncher and Steven Berkenfeld ("Defendants," together with Plaintiffs, the "Parties" and each a "Party") for alleged violations of federal securities laws by allegedly making misrepresentations and/or omissions of material fact in the Proxy/Registration Statement that Defendants filed with the SEC on Form S-4 on February 2, 2021, and that was thereafter amended on Forms S-4/A on April 7, 2021, and May 7, 2021, and the body of which was incorporated into the final prospectus on Form 424(b)(3) filed on May 14, 2021 (collectively, the "Proxy/Registration Statement"), as well as alleged misrepresentations of material fact between August 11, 2021 and August 7, 2023, both dates inclusive.

- **Statement of Class Recovery:**  Subject to Court approval, Plaintiffs, on behalf of the Class, have agreed to settle the Action in exchange for a payment of $29,000,000 (the "Settlement Amount"), which will be deposited into an Escrow Account and may earn interest (the "Settlement Fund").  The Net Settlement Fund (as defined below) will be distributed to Class Members according to the Court-approved plan of allocation (the "Plan of Allocation").  The proposed Plan of Allocation is set forth on pages ___ below.

- **Estimate of Average Recovery Per Share:**  Plaintiffs estimate there were approximately 140.1  million shares of Proterra common stock traded during the Class Period that may have been impacted.  Pursuant to the Plan of Allocation (*see* pp. ___ below), if all affected Proterra shares elect to participate in the Settlement, the average recovery per share could be approximately $.207, before deduction of any fees, expenses, costs, and awards described herein.  **Class Members should note that this is only an estimate.**  Some Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased/acquired or sold their Proterra common stock, whether they sold their shares of Proterra stock and the total number of valid Claim Forms submitted and the value of those claims.  Distributions to Class Members will be made based on the Plan of Allocation set forth herein (*see* pages __-__ below) or such other plan of allocation as may be ordered by the Court.

---

[1] All capitalized terms not otherwise defined in this notice shall have the same meaning provided in the Stipulation and Agreement of Settlement, dated January 3, 2025 (the "Stipulation").

- **Statement of Potential Outcome of Case If the Action Continued to Be Litigated:** The Parties disagree about both liability and damages and do not agree on the damages that would be recoverable if Plaintiffs were to prevail on each claim asserted against the Defendants. Among other things, the Parties disagree on (i) whether Defendants violated the federal securities or any other laws by making materially false or otherwise misleading statements during the Class Period, (ii) whether the alleged misrepresentations and omissions in Proterra's public filings were, in fact, materially misleading, (iii) whether Plaintiffs and the Class suffered any harm as a result of Defendants' alleged violations of the federal securities laws and purported subsequent revelation of the truth, (iv) whether Defendants' alleged misconduct was the proximate cause of any losses suffered by the Class, and (v) whether Defendants acted with the requisite culpability as to each claim.

- **Reasons for Settlement:** Plaintiffs' principal reason for entering into the Settlement is the substantial immediate cash benefit for the Class without the risk or the delays inherent in further litigation. Plaintiffs weighed this benefit against the significant risk that a smaller recovery – or no recovery at all – might be achieved after contested motions, a trial of the Action and post-trial appeal. This process would be expected to last several years. The Settlement was entered into after extended mediation proceedings. Without admitting any wrongdoing or liability on their part whatsoever, Defendants are willing to settle to avoid the continuing burden, expense, inconvenience and distraction to Defendants in this Action to avoid the cost, delay, and risk of continuing the Action provided that all of the claims of the Class are settled and compromised.

- **Attorneys' Fees and Costs:** Lead Counsel and other Plaintiffs' Counsel have not received any payment for their services in conducting this litigation on behalf of Plaintiffs and the members of the Class, nor have they been reimbursed for their out-of-pocket expenditures. If the Settlement is approved by the Court, Lead Counsel will apply to the Court for attorneys' fees not to exceed 25% of the Settlement Amount and any interest accrued thereon, and reimbursement of expenses not to exceed $275,000, and any interest accrued thereon. If the amount requested by counsel is approved by the Court, the average cost of fees would be approximately $.054 per share. In addition, an award for the time and expenses incurred by the Plaintiffs will be requested, not to exceed $10,000 for the Lead Plaintiff and $5,000 for each other Plaintiff named in the Complaint.

- **Identification of Attorneys' Representatives:** Requests for further information regarding the Action, this Notice or the Settlement, can be directed to Lead Counsel: Adam M. Apton, Levi & Korsinsky, LLP, 1160 Battery Street East, Suite 100, San Francisco, CA 94111, (415) 373-1671. **Please Do Not Call the Court with Questions About the Settlement.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY _____, 2025** | The *only* way to get a payment. *See* Question 8 below for details. |
| **EXCLUDE YOURSELF FROM THE CLASS BY \_\_\_\_\_, 2025** | Get no payment. This is the only option that, assuming your claim is timely brought, might allow you to ever bring or be part of any other lawsuit against the Defendants or the other Released Defendants' Parties concerning the Released Plaintiffs' Claims. *See* Question 11 below for details. |
| **OBJECT BY _____, 2025** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, or the attorneys' fee and expense application. If you object, you will still be a member of the Class. *See* Question 16 below for details. |
| **GO TO A HEARING ON _____, 2025 AND FILE A NOTICE OF INTENTION TO APPEAR BY _____, 2025** | Class Members may be permitted to appear and speak to the Court if they submit a written objection. *See* Question 19 below for details. |
| **DO NOTHING** | Get no payment AND give up your rights to bring your own individual action. |

- These rights and options—**and the deadlines to exercise them—**are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made to all Class Members who timely submit valid Claim Forms, if the Court approves the Settlement and after any appeals are resolved.  Please be patient.


## BASIC INFORMATION

### 1.     Why did I get this Notice?

You or someone in your family, or an investment account for which you serve as a custodian, might have purchased or otherwise acquired shares of Proterra or ArcLight Clean Transition Corp., and might be a Class Member.  This Notice explains the Action, the Settlement, Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them.  Receipt of this Notice does not necessarily mean that you are a Class Member or that you will be entitled to receive a payment.  **If you wish to be eligible for a payment, you must submit the Claim Form that is available on the Settlement website at www.ProterraSecuritiesSettlement.com.** *See* **Question 8 below.**

The Court directed that this Notice be made publicly available on this website to inform Class Members of the terms of the proposed Settlement and about all of their options, before the Court decides whether to approve the Settlement at the upcoming hearing to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and Lead Counsel's application for attorneys' fees and expenses (the "Settlement Hearing").

The Court in charge of the Action is the United States District Court for the Northern District of California, and the case is known as *Jeremy Villanueva v. Gareth T. Joyce, et al.*, Case No: 5:23-cv-03519-EKL (N.D. Cal.). The Action is assigned to District Court Judge Eumi K. Lee.

## 2.    <u>**What is this case about and what has happened so far?**</u>

Proterra was a manufacturer for electric vehicles ("EVs") that predominantly focused on producing battery-electric transit buses, but also had businesses designing battery systems for EVs and charging solutions for EVs. ArcLight Clean Transition Corp. was a blank check company incorporated as a Cayman Islands exempted company on July 28, 2020. ArcLight Clean Transition Corp. was incorporated for the purpose of effecting a merger with one or more businesses (*i.e.*, a Special Purpose Acquisition Company, or "SPAC"). On October 16, 2020, ArcLight Clean Transition Corp. announced that it and Proterra entered into a mutual non-disclosure agreement to facilitate ArcLight Clean Transition Corp.'s review of Proterra's confidential information. On January 12, 2021, ArcLight Clean Transition Corp. and Proterra announced the execution of a merger agreement to effect the initial public offering of Proterra. ArcLight Clean Transition Corp. shares were listed and publicly traded on the NASDAQ until the merger.

According to the operative complaint, Plaintiffs allege that Defendants made false and misleading statements in the Proxy/Registration Statement used to merge with ArcLight Clean Transition Corp. and go public, including by: (a) misrepresenting Proterra's supply chain as "reputable and reliable" when Proterra was already facing supply chain issues; (b) misrepresenting Proterra's advantages to scale its business when Proterra's bus design processes did not lend themselves to scaled manufacturing; (c) misrepresenting the benefits of Proterra's designs, which in reality were expensive to produce and virtually impossible to sell at a profit; (d) omitting information about known delays in Proterra's manufacturing process and design defects that resulted in significant financial strain for Proterra; and (e) omitting information about known labor cost issues caused by operational problems within the company's City of Industry factory in California. Plaintiffs further allege that after Proterra went public, Defendants continued to make false and misleading statements about Proterra's business, including by: (a) misrepresenting Proterra's focus of business and hiding the fact that Proterra had diverted resources away from its profitable sector to prop up its new battery business; (b) misrepresenting the success of Proterra's new battery business by consolidating it with Proterra's more profitable charging business; (c) misrepresenting Proterra's financial health and its liquidity; (d) misrepresenting Proterra's operations by concealing known weaknesses and obstacles in monetizing its backlog of bus orders; (e) misrepresenting the likelihood of success of Proterra's battery business and omitting that, under the company's pricing model, Proterra batteries would be unable to generate a profit; and (f) misrepresenting the known production issues at its Greer and City of Industry factories. Plaintiffs allege that the inaccuracies in the Proxy/Registration Statement violated Sections 11 and 15(a) of the Securities Act of 1933. Plaintiffs also allege that Defendants made subsequent misrepresentations with fraudulent intent between August 11, 2021 and August 7, 2023, in

violation of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder.

In connection with this Action, Plaintiffs, through their counsel, conducted a thorough investigation relating to the claims, defenses, and underlying events and transactions that are the subject of the Action.  This process included reviewing and analyzing:  (i) documents filed publicly by the Company with the SEC; (ii) publicly available information, including press releases, news articles, and other public statements issued by or concerning the Company; (iii) research reports issued by financial analysts concerning the Company; (iv) other publicly available information and data concerning the Company; (v) interviews conducted with more than sixteen former employees of Proterra; (vi) the applicable law governing the claims and potential defenses; (vii) information available on social media; and (viii) information available in Proterra's bankruptcy.  Plaintiffs and Plaintiffs' Counsel also responded to Defendants' two motions to dismiss, and protected the Class's interest by defeating an attempt by Proterra in bankruptcy court to impose an opt-out third-party release upon Class Members.  Additionally, Plaintiffs' Counsel consulted with experts on the industry, market efficiency, loss causation, and damages issues.

On September 26, 2024, the Parties attended a full-day mediation session with David M. Murphy, a well-respected and highly experienced mediator.  Prior to the mediation session, Plaintiffs provided Defendants and the mediator with a detailed mediation statement.  Plaintiffs and Defendants ended the September 26, 2024 mediation without reaching a resolution to the Action.  The Parties continued negotiations over the next several weeks and ultimately agreed to a mediator's proposal to resolve the claims for the Settlement Amount.

On November 19, 2024, the Parties notified the Court that they had agreed in principle to resolve all issues and claims in the Action and requested a stay of all deadlines.

### 3.     Why is this a class action?

In a class action, one or more persons or entities (in this case, Plaintiffs), sues on behalf of people and entities who or which have similar claims.  Together, these people and entities are a "class," and each is a "class member."  Bringing a case, such as this one, as a class action allows the adjudication of many similar claims of persons and entities who or which might be too small to bring economically as separate actions.  One court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt-out," from the class.

### 4.     Why is there a Settlement?

Plaintiffs and Lead Counsel believe that the claims asserted in the Action have merit. However, Plaintiffs and Lead Counsel recognize the expense and length of continued proceedings necessary to pursue the claims through trial and appeals, as well as the difficulties in establishing liability and damages.  Plaintiffs and Lead Counsel also recognize that Defendants have numerous defenses that could preclude a recovery.  For example, Defendants challenge whether any of the statements in question were actually false and misleading, and whether they caused any losses. For the Section 10(b) claims, they have also challenged the element of scienter.  The Settlement provides a guaranteed and immediate cash recovery to the Class.  In light of the risks, Plaintiffs

6

and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Class.

The Defendants have denied and continue to deny any and all allegations of wrongdoing, that Plaintiffs or the Class suffered damages, and that the price of Proterra common stock was artificially inflated. The Settlement is not and should not be seen as an admission or concession on the part of the Defendants.

The Settlement must be compared to the risk of no recovery after contested dispositive motions, trial, and likely appeals. The Parties disagree on both liability and damages, and do not agree on the average amount of damages per share, if any, that would be recoverable if Plaintiffs were to prevail on each claim alleged against the Defendants. Moreover, any higher recovery awarded at trial might not be fully collectible, due to Proterra's bankruptcy, the limited resources of Individual Defendants, and eroding insurance policies.

## 5.    **How do I know if I am part of the Settlement?**

Everyone who fits the following description is a Class Member and subject to the Settlement unless they are an excluded person (*see* Question 6 below) or take steps to exclude themselves from the Class (*see* Question 11 below): all investors who: (1) purchased or otherwise acquired shares in Proterra (including by exchange of publicly-traded ArcLight Clean Transition Corp. shares) pursuant or traceable to the Proxy/Registration Statement that Defendants filed with the SEC on Form S-4 on February 2, 2021, and that was thereafter amended on Forms S-4/A on April 7, 2021, and May 7, 2021, and the body of which was incorporated into the final prospectus on Form 424(b)(3) filed on May 14, 2021; and/or (2) purchased or otherwise acquired shares of Proterra between August 11, 2021 and August 7, 2023, both dates inclusive, and were damaged thereby. However, these groups are excluded from the Class even if they otherwise fit the Class definition: (a) Defendants and their immediate families; (b) current and former directors or officers of Proterra or ArcLight Clean Transition Corp. and their immediate families; (c) any entity that has entered into a stockholder agreement or co-venture agreement with Proterra, or was a Private Investment in Public Equities ("PIPE") investor in Proterra; and (d) and each of the foregoing persons' legal representatives, heirs, successors or assigns, and any entity controlled, majority-owned or wholly owned, or affiliated with any of the above all persons who purchased or otherwise acquired Proterra common stock during the 10(b) Class Period.

Receipt of this Notice does not mean that you are a Class Member. Please check your records or contact your broker to see if you are a member of the Class. You are a Class Member only if you individually (and not a fund you own) meet the Class definition.

## 6.    **Are there exceptions to be included in the Class?**

Yes. There are some individuals and entities who or which are excluded from the Class by definition. Excluded from the Class are: (a) Defendants and their immediate families; (b) former directors of Proterra or ArcLight Clean Transition Corp.; and (c) any entity controlled, majority-owned or wholly owned, or affiliated with any of the above. Also excluded from the Class will be any Person and entities who or which submit a request for exclusion from the Settlement Class

7

that is accepted by the Court. For the avoidance of doubt, "affiliates" are persons or entities that are controlled by or are under common control with one or more of the Defendants.

## THE SETTLEMENT BENEFITS

### 7.    What does the Settlement provide?

In exchange for the Settlement and the release of the Released Plaintiffs' Claims against the Released Defendants' Parties, the Defendants have agreed to create a $29,000,000 cash fund, which may accrue interest, to be distributed, after deduction of Court-awarded attorneys' fees and litigation expenses, Notice and Administration Costs, Taxes and Tax Expenses, and any other fees or expenses approved by the Court (the "Net Settlement Fund"), among all Class Members who submit valid Claim Forms and are found to be eligible to receive a distribution from the Net Settlement Fund ("Authorized Claimants").

### 8.    How can I receive a payment?

To qualify for a payment, you must submit a timely and valid Claim Form.  A Claim Form is included with this Notice.  You can also obtain a Claim Form from the website dedicated to the Settlement: www.ProterraSecuritiesSettlement.com.  You can request that a Claim Form be mailed to you by calling the Claims Administrator toll-free at (866) 545-1007.  Please read the instructions contained in the Claim Form carefully, fill out the Claim Form, include all the documents the form requests, sign it, and mail or submit it electronically through www.ProterraSecuritiesSettlement.com to the Claims Administrator so that it is **postmarked or received no later than _____, 2025.**

### 9.    When will I receive my payment?

The Court will hold a Settlement Hearing on _____, **2025** to decide, among other things, whether to finally approve the Settlement.  Even if the Court approves the Settlement, there may be appeals which can take time to resolve, perhaps more than a year.  It also takes a long time for all of the Claim Forms to be accurately reviewed and processed.  Please be patient.

### 10.    What am I giving up to receive a payment or stay in the Class?

If you are a member of the Class, unless you exclude yourself, you will remain in the Class, and that means that, upon the "Effective Date" of the Settlement, you will release all "Released Plaintiffs' Claims" against the "Released Defendants' Parties." Unless you exclude yourself, you are staying in the Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants about the Released Plaintiffs' Claims.  It also means that all of the Court's orders will apply to you and legally bind you and you will release your claims against the Defendants.  On the "Effective Date," Defendants also will release any claims they might have against Class Members related to the prosecution of the Action.

"**Released Plaintiffs' Claims**" means the release, upon the Effective Date, by Plaintiffs and all Class Members who have not Opted Out of this Settlement pursuant to the procedures

8

ordered by the Court, together with each of their respective family members, and their respective partners, general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, insurers, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, administrators, or any controlling person thereof, in their capacities as such (each of the foregoing, the "Releasing Plaintiffs' Parties"), as against Released Defendants' Parties (as defined herein), all claims, actions, causes of action, demands, losses, rights, duties, obligations, debts, sums of money, suits, contracts, agreements, judgments, matters, issues, promises, damages and liabilities of every nature and description, whether known claims or unknown claims, whether arising under federal, state, common or foreign law, that Plaintiffs, any other member of the Settlement Class, or any other Releasing Plaintiffs' Party: (i) asserted or could have asserted in the Complaint; or (ii) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint or any previous complaint in the Action (the "Released Claims"). Released Claims shall not include (i) any claims relating to the enforcement of the Settlement; and (ii) any claims of any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court. The release shall include a standard provision regarding the waiver of the benefits conferred by California Civil Code § 1542 or any other similar provision of law.

"**Released Defendants' Parties**" means (i) each Defendant; (ii) the family members of the Defendants; (iii) direct or indirect parent entities, direct or indirect subsidiaries, related entities, and all affiliates of Proterra or ArcLight Clean Transition Corp., including but not limited to any of its affiliated entities, employees, or agents; (iv) any trust of which any Defendant is the settlor or which is for the benefit of any Defendant and/or his or her family members; (v) for any of the persons or entities listed in parts (i) through (iv), as applicable, their respective past, present, or future general partners, limited partners, principals, shareholders, joint venturers, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, insurers, reinsurers, indemnitors, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, administrators, estates, or any controlling person thereof; and (vi) any entity in which any Defendant has a controlling interest.

"**Defendants' Release**" means Defendants will release as against Released Plaintiffs' Parties (as defined below), all claims and causes of action of every nature and description, whether known claims or unknown claims, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against Defendants ("Released Defendants' Claims"). Released Defendants' Claims shall not include any claims relating to the enforcement of the settlement. The release shall include a standard provision regarding the waiver of the benefits conferred by California Civil Code § 1542 or any other similar provision of law.

"**Released Plaintiffs' Parties**" means (i) Plaintiffs, all Settlement Class members, Plaintiffs' counsel, liaison counsel or referring counsel, and (ii) each of their respective family members, and their respective partners, general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, insurers, trustees,

trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, administrators, or any controlling person thereof.

**EXCLUDING YOURSELF FROM THE CLASS**

If you do not want to be part of the Settlement but you want to keep any right you may have to sue or continue to sue the Released Defendants' Parties on your own about the Released Plaintiffs' Claims, then you must take steps to remove yourself from the Class. This is called excluding yourself or "opting out." **Please note: if you bring your own claims, Defendants will have the right to seek their dismissal, including because the suit is not filed within the applicable time periods required for filing suit. Also, the Defendants may terminate the Settlement if Class Members who purchased in excess of a certain amount of shares of Proterra common stock seek exclusion from the Class.**

**11.    How do I exclude myself from the Class?**

To exclude yourself from the Class, you must mail a signed letter stating that you "request to be excluded from the Class in *Jeremy Villanueva v. Gareth T. Joyce, et al.*, Case No: 5:23-cv-03519-EKL (N.D. Cal.)". You cannot exclude yourself by telephone or e-mail. Each request for exclusion must also: (i) state the name, address, and telephone number of the person or entity requesting exclusion; (ii) state the number of shares of Proterra (including predecessor ArcLight Clean Transition Corp. stock) common stock purchased, acquired, and/or sold during the Class Period, as well as the dates and prices of each such purchase, acquisition, and sale; and (iii) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion must be mailed, so that it is **postmarked no later than _____, 2025,** to:

*Villanueva v. Gareth T. Joyce, et al.,*
EXCLUSIONS
c/o A.B. Data, Ltd.
P.O. Box 173001
Milwaukee, WI 53217

**Your exclusion request must comply with these requirements in order to be valid, unless it is otherwise accepted by the Court.**

If you ask to be excluded, do not submit a Claim Form because you cannot receive any payment from the Net Settlement Fund. Also, you cannot object to the Settlement because you will not be a Class Member. However, if you submit a valid exclusion request, you will not be legally bound by anything that happens in the Action, and you may be able to sue (or continue to sue) the Defendants and the other Released Defendants' Parties in the future, assuming your claims are timely. If you have a pending lawsuit against any of the Released Defendants' Parties, **please speak to your lawyer in the case immediately.**

**12.    If I do not exclude myself, can I sue the Defendants and the other Released Defendants' Parties for the same thing later?**

10

No.    Unless you properly exclude yourself, you will give up any rights to sue the Defendants and the other Released Defendants' Parties for any and all Released Plaintiffs' Claims.

## THE LAWYERS REPRESENTING YOU

### 13.    Do I have a lawyer in this case?

The Court appointed the law firm of Levi & Korsinsky, LLP to represent all Class Members.  If you want to be represented by your own lawyer, you may hire one at your own expense.

### 14.    How will the lawyers be paid?

You will not be separately charged for these lawyers.  The Court will determine the amount of Plaintiffs' Counsel's fees and expenses, which will be paid from the Settlement Fund.  To date, Plaintiffs' Counsel have not received any payment for their services in pursuing the claims against Defendants on behalf of the Class, nor have they been paid for their litigation expenses.  Plaintiffs' Counsel will ask the Court to award attorneys' fees of no more than twenty-five percent (25%) of the Settlement Fund, including accrued interest, and reimbursement of litigation expenses of no more than $275,000 plus accrued interest.  Plaintiffs may also request an award of up to $10,000 for Lead Plaintiff and $5,000 for each other Plaintiff named in the Complaint to reimburse their reasonable time, costs and expenses in representing the Class.

## OBJECTING TO THE SETTLEMENT, THE PLAN OF ALLOCATION, OR THE FEE AND EXPENSE APPLICATION

### 15.    How do I tell the Court that I do not like something about the proposed Settlement?

If you are a Class Member, you may object to the Settlement or any of its terms, the proposed Plan of Allocation, the application for attorneys' fees and expenses, or any application of an award to Plaintiffs.  You can ask the Court to deny approval by filing an objection. You can't ask the Court to order a different settlement; the Court can only approve or reject the settlement. If the Court denies approval, no settlement payments will be sent out, and the lawsuit will continue. If that is what you want to happen, you should object.

Any objection to the proposed settlement must be in writing, unless excused by the Court for good cause. If you file a timely written objection or if the written objection requirement is excused, you may, but are not required to, appear at the Settlement Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. All written objections and supporting papers must (i) clearly identify the case name and number "*Jeremy Villanueva v. Gareth T. Joyce, et al.*, Case No: 5:23-cv-03519-EKL (N.D. Cal.)"; (ii) state the name, address, and telephone number of the person or entity

11

objecting; (iii) state the number of shares of Proterra (including predecessor ArcLight Clean Transition Corp. stock) common stock purchased, acquired, and/or sold during the Class Period, as well as the dates and prices of each such purchase, acquisition, and sale; (iv) be signed by the person or entity objecting or an authorized representative; (v) be submitted to the Court either by filing them electronically or in person at any location of the United States District Court for the Northern District of California or by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102-3489; and (vi) be filed or postmarked on or before _____, 2025. The Court will require substantial compliance with these procedures.

**16.      What is the difference between objecting and seeking exclusion?**

Objecting is telling the Court that you do not like something about the proposed Settlement. You may object and yet still recover money from the Settlement *if* you timely submit a valid Claim Form and the Settlement is approved.  You may object *only* if you remain part of the Class. Excluding yourself is telling the Court that you do not want to be part of the Class.  If you exclude yourself from the Class, you will lose standing to object to the Settlement because it will no longer affect you.

**THE SETTLEMENT HEARING**

**17.      When and where will the Court decide whether to approve the proposed Settlement?**

The Court will hold the Settlement Hearing on _____, **2025 at ____ _.m.**, either telephonically, on Zoom, and/or at 280 South First Street, San Jose, California 95113.  At this hearing, the Court will consider, whether: (i) the Settlement is fair, reasonable, and adequate, and should be finally approved; (ii) the Plan of Allocation is fair and reasonable and should be approved; and (iii) Lead Counsel's application for attorneys' fees and expenses and Plaintiffs' service awards are reasonable and should be approved.  The Court will take into consideration any written objections filed in accordance with the instructions in Question 15 above.  We do not know how long it will take the Court to make these decisions.

You should be aware that the Court may change the date and time of the Settlement Hearing, or hold the hearing telephonically, without another notice being sent to Class Members. If you want to attend the hearing, you should check with Lead Counsel beforehand to be sure that the date or time has not changed, periodically check the settlement website at www.ProterraSecuritiesSettlement.com, or periodically check the Court's website at https://www.cand.uscourts.gov/ to see if the Settlement Hearing stays as calendared or is changed. The Court's docket is also available on the PACER service at https://www.pacer.gov.

**18.      Do I have to come to the Settlement Hearing?**

No.  Lead Counsel will answer any questions the Court may have.  But, you are welcome to attend at your own expense.  If you submit a valid and timely objection, the Court will consider it and you do not have to come to Court to discuss it.  You may have your own lawyer attend (at your own expense), but it is not required.  If you do hire your own lawyer, he or she must file and

serve a Notice of Appearance in the manner described in the answer to Question 19 below **no later than _____, 2025.**

**19.    May I speak at the Settlement Hearing?**

If you have submitted a timely objection and have not opted out of the Settlement, you may appear and address the Court at the Settlement Hearing concerning the Settlement and your objection to it should you wish to do so. If you have not opted out of the Settlement but did not submit a timely objection, you may also appear at the Settlement Hearing and address the Court concerning the Settlement should you wish to do so.

### IF YOU DO NOTHING

**20.    What happens if I do nothing at all?**

If you do nothing and you are a member of the Class, you will receive no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against the Defendants and the other Released Defendants' Parties concerning the Released Plaintiffs' Claims.  To share in the Net Settlement Fund, you must submit a Claim Form (*see* Question 8 above).  To start, continue or be part of any other lawsuit against the Defendants and the other Released Defendants' Parties concerning the Released Plaintiffs' Claims in this case, to the extent it is otherwise permissible to do so, you must exclude yourself from the Class (*see* Question 11 above).

### GETTING MORE INFORMATION

**21.    Are there more details about the Settlement?**

This Notice summarizes the proposed Settlement.  More details are in the Stipulation, Lead Counsel's motions in support of final approval of the Settlement, the request for attorneys' fees and litigation expenses, and approval of the proposed Plan of Allocation which will be filed with the Court no later than _____, 2025 and be available from Lead Counsel, the Claims Administrator, or the Court, pursuant to the instructions below.

You may review the Stipulation or documents filed in the case at the Office of the Clerk, United States District Court, Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102-3489, on weekdays (other than court holidays) between 9:00 a.m. and 4:00 p.m.  Subscribers to PACER can also view the papers filed publicly in the Action at https://www.pacer.gov.

You can also get a copy of the Stipulation and other case documents by visiting the website dedicated to the Settlement, www.ProterraSecuritiesSettlement.com, calling the Claims Administrator toll free at (866) 545-1007, emailing the Claims Administrator at info@ProterraSecuritiesSettlement.com or writing to the Claims Administrator at *Villanueva v. Gareth T. Joyce, et al.,* c/o A.B. Data, Ltd., P.O. Box 173013, Milwaukee, WI 53217.

**Please do not call the Court with questions about the Settlement.**

## PLAN OF ALLOCATION OF NET SETTLEMENT FUND

### 22.    How will my claim be calculated?

As discussed above, the Settlement provides $29,000,000.00 in cash for the benefit of the Class.  The Settlement Amount and any interest it earns constitute the "Settlement Fund."  The Settlement Fund, less any taxes and tax expenses, any Fee and Expense Application to Lead Counsel, any Award to Plaintiffs approved by the Court, and Settlement Administration Costs is the "Net Settlement Fund."  If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants—*i.e.*, Class Members who timely submit valid Claim Forms that are accepted for payment by the Court—in accordance with this proposed Plan of Allocation or such other plan of allocation as the Court may approve.  Class Members who do not timely submit valid Claim Forms will not share in the Net Settlement Fund, but will otherwise be bound by the Settlement.  The Court may approve this proposed Plan of Allocation, or modify it, without additional notice to the Class.  Any order modifying the Plan of Allocation will be posted on the settlement website, www.ProterraSecuritiesSettlement.com.

The Plan of Allocation takes into account Class Counsel's assessment of the strength and weakness of the various claims and defenses and incorporates the advice of consulting experts. The objective of the Plan of Allocation is to distribute the Settlement proceeds equitably among those Class Members who suffered alleged economic losses as a proximate result of the Defendants' alleged wrongdoing.  The Plan of Allocation is not a formal damages analysis, and the calculations made in accordance with the Plan of Allocation are not intended to be estimates of, or indicative of, the amounts that Class Members might have been able to recover after a trial. Nor are the calculations in accordance with the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants under the Settlement.  The computations under the Plan of Allocation are only a method to weigh, in a fair and equitable manner, the claims of Authorized Claimants against one another for the purpose of making *pro rata* allocations of the Net Settlement Fund.  The Settlement Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's recognized loss, as calculated pursuant to the formulas set forth below ("Recognized Loss").

To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's Recognized Loss. If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total Recognized Loss of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's Recognized Loss bears to the total Recognized Losses of all Authorized Claimants and subject to the provisions in the preceding paragraph (i.e., "*pro rata* share"). Payment in this manner shall be deemed conclusive against all Authorized Claimants. No distribution will be made on a claim where the potential distribution amount is less than $20 dollars ($20.00) in cash.

14

Plaintiffs asserted claims under both Section 10(b) of the Securities Exchange Act of 1934 and Section 11 of the Securities Act of 1933. Plaintiffs' theory of damages under both claims focused on the change in Proterra's stock price following public disclosures on March 15, 2023 and August 7, 2023. On March 15, 2023, after market hours, Proterra disclosed that it had violated certain liquidity covenants within its debt agreements and that it expected its annual report to include a "going concern" qualification. On August 7, 2023, after market hours, Proterra announced that it filed for bankruptcy. These disclosures, according to Plaintiffs' allegations, revealed to investors that Defendants' previous public statements had been untrue or materially misleading. The stock price declines that followed these announcements resulted in damages to investors who purchased shares earlier in time. Consequently, the Plan of Allocation intends to compensate Authorized Claimants for these damages. Depending on when you purchased your shares of Proterra stock and how many shares you held on these dates, you may have a Recognized Loss. The following paragraphs explain if and how much your Recognized Loss may be under Section 10(b) and/or Section 11.

Section 10(b)

You may have a Recognized Loss for Section 10(b) claims if you purchased or acquired Proterra shares between August 11, 2021 and August 7, 2023, inclusive. The Plan of Allocation for claims under Section 10(b) is as follows:

i.   For each share of Proterra common stock sold prior to March 16, 2023, the Recognized Loss per share is $0.

ii.  For each share of Proterra common stock sold between March 16, 2023 and November 6, 2023, both dates inclusive, the Recognized Loss per share is your purchase price minus your sale price. However, if you purchased your common stock on or after March 16, 2023 and sold it on or before August 7, 2023, then your Recognized Loss per share is $0.

iii. For each share of Proterra common stock held and/or sold after November 6, 2023, the Recognized Loss per share is your purchase price minus $0.07 which represents the average closing price during the 90-day period following the end of the Class Period.

Section 11

In addition to the Recognized Loss for Section 10(b) claims, you may have a Recognized Loss for Section 11 claims if you purchased or acquired Proterra shares pursuant or traceable to the Proxy/Registration Statement dated May 14, 2021, which effected the merger between Proterra and ArcLight. All publicly-traded Proterra shares purchased or acquired between June 15, 2021 and July 9, 2021, including by way of exchange of ArcLight shares, will be deemed traceable to the Proxy/Registration Statement and eligible for a Recognized Loss. However, similar to the Section 10(b) claims discussed above, you will only have a Recognized Loss if you held these shares during one or both of the corrective disclosures on March 15, 2023 and August 7, 2023.

The Plan of Allocation for claims under Section 11 is as follows and applies only to shares you purchased or acquired between June 15, 2021 and July 9, 2021:

    i.    For each share of Proterra common stock sold prior to March 16, 2023, the Recognized Loss per share is $0.

    ii.    For each share of Proterra common stock sold between March 16, 2023 and November 6, 2023, both dates inclusive, the Recognized Loss per share is $10 per share minus your sale price per share. The $10 per share price represents the offering price for the shares based on the amount ArcLight would have paid for the shares upon exercise of your redemption rights at the time of the merger.

    iii.    For each share of Proterra common stock held and/or sold after November 6, 2023, the Recognized Loss per share is $10 per share minus $0.07 per share.

## INSTRUCTIONS APPLICABLE TO ALL CLAIMANTS

The Plan of Allocation is intended to compensate investors for losses incurred as a result of Defendants' alleged fraud. Authorized Claimants who invested in Proterra (including ArcLight) for a net gain will not have a Recognized Loss and will not be eligible for a distribution from the Net Settlement Fund. Any transaction(s) resulting in a gain will not have a Recognized Loss.

The payment you receive will reflect your proportionate share of the Net Settlement Fund. Such payment will depend on the number of Authorized Claimants that participate in the Settlement, and when they purchased and/or sold securities. The number of claimants who send in claims varies widely from case to case.

A purchase or sale of Proterra stock shall be deemed to have occurred on the "trade" date as opposed to the "settlement" or "payment" date.

Authorized Claimants who acquired shares of Proterra stock during the Class Period by way of gift, inheritance or operation of law, such shares shall not have a Recognized Loss.

Receipt of Proterra stock in exchange for securities of any corporation or entity other than ArcLight shall not have a Recognized Loss.

The first-in-first-out ("FIFO") basis will be applied to purchases and sales.

The date of covering a "short sale" is deemed to be the date of purchase of shares. The date of a "short sale" is deemed to be the date of sale of shares. In accordance with the Plan of Allocation, however, the Recognized Loss on "short sales" is zero. In the event that a claimant has an opening short position in Proterra stock, the earliest purchases shall be matched against such opening short position and not be entitled to a recovery until that short position is fully covered.

16

No securities other than Proterra common shares are eligible to participate in the Settlement. With respect to shares purchased or sold through the exercise of an option or warrant, the purchase/sale date of the share shall be the exercise date and the purchase/sale price shall be the exercise price. Any Recognized Loss arising from purchases of shares acquired during the Class Period through the exercise of an option or warrant are not eligible to participate in the Settlement.

A Recognized Loss will be calculated as defined herein and cannot be less than zero. A Claimant's "Recognized Claim" under the Plan of Allocation shall be the sum of his, her or its Recognized Loss amounts under Section 11 and Section 10(b). The Net Settlement Fund will be distributed to Authorized Claimants on a pro rata basis based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

Class Members who do not submit acceptable Proofs of Claim (including documentation of the transactions claimed) will not share in the Settlement proceeds. The Settlement and the Final Judgment and Order of Dismissal with Prejudice dismissing this Action will nevertheless bind Class Members who do not submit a request for exclusion and/or submit an acceptable Proof of Claim.

Please contact the Settlement Administrator or Class Counsel if you disagree with any determinations made by the Settlement Administrator regarding your Proof of Claim. If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Class Members and the claims-administration process, to decide the issue by submitting a written request.

Defendants, their respective counsel, and all other Released Parties will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim. Plaintiffs and Class Counsel, likewise, will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. If any funds remain in the Net Settlement Fund by reason of uncashed distribution checks or otherwise, then, after the Settlement Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund after at least six (6) months after the initial distribution of such funds will be used in the following fashion: (a) first, to pay any amounts mistakenly omitted from the initial disbursement; (b) second, to pay any additional settlement administration fees, costs, and expenses, including those of Class Counsel as may be approved by the Court; and (c) finally, to make a second distribution to claimants who cashed their checks from the initial distribution and who would receive at least $20.00, after payment of the estimated costs, expenses, or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. These redistributions shall be

17

repeated, if economically feasible, until the balance remaining in the Net Settlement Fund is de minimis and such remaining balance will then be distributed to a non-sectarian, not-for-profit organization identified by Lead Counsel.

## SPECIAL NOTICE TO SECURITIES BROKERS AND NOMINEES

If you purchased or otherwise acquired Proterra common stock during the Class Period for the beneficial interest of a person or entity other than yourself, the Court has directed that **WITHIN SEVEN (7) DAYS OF YOUR RECEIPT OF THIS NOTICE**, **YOU MUST EITHER**: (a) provide to the Claims Administrator the name and last known address of each such person or entity; or (b) request additional copies of this Notice and the Claim Form from the Claims Administrator, which will be provided to you free of charge, and **WITHIN SEVEN (7) DAYS** of receipt, mail the Notice and Claim Form directly to all such persons or entities. If they are available, you must also provide the Claims Administer with the e-mails of the beneficial owners. If you choose to follow procedure (b), the Court has also directed that, upon making that mailing, **YOU MUST SEND A STATEMENT** to the Claims Administrator confirming that the mailing was made as directed and keep a record of the names and mailing addresses used.

Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred up to a maximum of $0.05 per name and address provided to the Claims Administrator; up to $0.05 per Postcard Notice actually mailed, plus postage at the rate used by Claims Administrator; or up to $0.05 per link to the Notice and Claim Form transmitted by email, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Any dispute concerning the reasonableness of reimbursement costs shall be resolved by the Court. Copies of this Notice and the Claim Form may be obtained from the website maintained by the Claims Administrator. All communications concerning the foregoing should be addressed to the Claims Administrator by telephone at (866) 545-1007, by email at info@ProterraSecuritiesSettlement.com at the Settlement website at www.ProterraSecuritiesSettlement.com, or through mail at

*Villanueva v. Gareth T. Joyce, et al.,*
c/o A.B. Data, Ltd.
P.O. Box 173013
Milwaukee, WI 53217

Dated: _____, 2025          BY ORDER OF THE UNITED STATES
                                          DISTRICT COURT FOR THE
                                          NORTHERN DISTRICT OF CALIFORNIA

18