UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JEREMY VILLANUEVA, et al.,

Plaintiffs,

v.

PROTERRA INC., et al.,

Defendants.

Case No. 23-cv-03519-EKL

**ORDER REGARDING PROPOSED SETTLEMENT**

Re: Dkt. No. 114

The Court has carefully reviewed Plaintiffs' unopposed motion for preliminary approval of class action settlement, ECF No. 114 ("Motion"), and has determined that this matter is suitable for decision without oral argument. *See* Civil L.R. 7-1(b); *see also* Mot. at i (requesting that the Court decide the Motion "on the papers"). Accordingly, the Court VACATES the hearing scheduled for April 2, 2025.

To inform the Court's ruling, by March 28, 2025, the parties shall file a joint supplemental brief addressing the issues below.

First, the proposed long form notice states that "if all affected Proterra shares elect to participate in the Settlement, the average recovery per share could be approximately $.207, before deduction of any fees, expenses, costs, and awards described [in the notice]." Mot. Ex. A-1 (revised) at 2, ECF No. 115-1. However, the proposed postcard notice states that "[i]f every eligible Class Member submits a valid Claim Form, the average recovery will be $0.17 per eligible share before expenses and other Court-ordered deductions." Stip. Ex. A-4, ECF No. 113. Plaintiffs shall clarify this apparent discrepancy and make any necessary corrections to the proposed long form notice or postcard notice.

United States District Court
Northern District of California

Second, the Court understands that class counsel "do not anticipate requesting that the Court approve a *cy pres* distribution," but if a "minimal amount" of settlement funds remain unclaimed, class counsel "will propose a *cy pres* recipient" at that time.  Mot. at 18.  The proposed long form notice states that any such *cy pres* recipient will be "a non-sectarian, not-for-profit organization identified by Lead Counsel."  Mot. Ex. A-1 (revised) at 18.  The long form notice should specify that the *cy pres* recipient is subject to the Court's approval.  Plaintiffs shall add this language.

Third, the proposed allocation plan provides:  "No distribution will be made on a claim where the potential distribution amount is less than $20 dollars ($20.00) in cash."  *Id*. at 14; *see also id*. at 17.  How and why was this cutoff selected?  Have the parties estimated the number of potential claimants that will be affected by this cutoff?

Fourth, the Court understands that Defendants are responsible for providing notice as required by the Class Action Fairness Act.  Mot. at 25.  When will notice be given, or when was notice completed?

Finally, the Court proposes the following deadlines.  This schedule adopts Plaintiffs' proposal but provides additional time before the final approval hearing and the claims filing deadline.  *See* Mot. at 25.  The parties should identify any potential issues with this schedule in their joint supplemental brief.

| Event | Deadline |
| --- | --- |
| Notice mailed to class | April 25, 2025 |
| Summary notice published | May 9, 2025 |
| Briefs in support of final approval, plan of allocation, and attorneys' fees and expenses | May 27, 2025 |
| Requests for exclusion from class | July 1, 2025 |
| Objections to settlement, plan of allocation, and/or fee and expense application | July 1, 2025 |
| Reply papers to any requests for exclusion or objections | July 15, 2025 |

United States District Court
Northern District of California

2

| Event | Deadline |
|---|---|
| Final approval hearing | August 13, 2025 |
| Claims filing deadline | August 29, 2025 |

**IT IS SO ORDERED.**

Dated: March 18, 2025

_____
Eumi K. Lee
United States District Judge

United States District Court
Northern District of California

3