**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
1160 Battery Street East, Suite 100
San Francisco, CA 94111
Tel: (415) 373-1671
aapton@zlk.com

*Lead Counsel for Plaintiffs and the Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| JEREMY VILLANUEVA, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>GARETH T. JOYCE, KARINA FRANCO PADILLA, JOHN J. ALLEN, AMY E. ARD, JOHN F. ERHARD, BROOK F. PORTER, JOAN ROBINSON-BERRY, JEANNINE P. SARGENT, CONSTANCE E. SKIDMORE, MICHAEL D. SMITH, DANIEL R. REVERS, MARCO F. GATTI, ARNO HARRIS, JA-CHIN AUDREY LEE, BRIAN GONCHER, and STEVEN BERKENFELD,<br><br>Defendants. | Case No.: 5:23-cv-03519-EKL<br><br>**DECLARATION OF TANYA TIRADO IN SUPPORT OF (A) PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND (B) CLASS COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**<br><br>Date: August 20, 2025<br>Time: 10:00 a.m.<br>Courtroom 7<br>Judge: Hon. Eumi K. Lee |

DECLARATION OF TANYA TIRADO IN SUPPORT OF FINAL APPROVAL OF SETTLEMENT

I, Tanya Tirado, pursuant to 28 U.S.C. § 1746, declare as follow:

1.      I respectfully submit this declaration in support of (a) final approval of the proposed Settlement and Plan of Allocation for the distribution of the proceeds of the Settlement and (b) approval of Class Counsel's request for attorneys' fees and litigation expenses, which includes my request for an award of reimbursement for the time that I dedicated to overseeing and participating the litigation of the Action on behalf of the Class, pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. §§ 77z-1(a)(4) and 78u-4(a)(4). I have personal knowledge of the statements herein and, if called as a witness, could and would testify competently thereto.

2.      On or around August 19, 2023, I contacted the law firm of Pomerantz LLP to discuss my potential resource for recovering substantial investment losses following the revelation of information previously misrepresented and/or concealed by Proterra Inc. and certain of its executives. On September 1, 2023, following several conversations with the firm and its attorneys, my attorneys at Pomerantz LLP filed a Complaint for Violations of the Federal Securities Laws, on my behalf, against Proterra Inc. and certain of its executives. At that time, I submitted a declaration to the Court certifying, among other things, that: I had reviewed a complaint filed in the action; I did not purchase the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in this private action; I was willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary; and I would not accept any payment for serving as a representative party on behalf of the class beyond my pro rata share of any recovery, except as ordered or approved by the court, including any award for reasonable costs and expenses directly relating to the representation of the class.

3.      Following the commencement of the lawsuit, I conferred with my attorneys at Pomerantz LLP on the lead plaintiff process, the consolidation of related matters, Mr. Jam's appointment as Lead Plaintiff, and the overall strategy for prosecuting the Action. Since being named as an Additional Plaintiff in the Consolidated Complaint for Violations of Federal Securities Laws, filed on January 30, 2024, I have remained engaged in the prosecution of this Action and kept up to date with the various proceedings by staying in communication with my attorneys at Pomerantz LLP. I have reviewed filings, including the complaints, stipulations and various motion papers. I have also

participated by providing documents in my possession relating to my transactions in Proterra stock as well as helping counsel identify false and/or materially misleading statements, developing theories of liability, and monitoring communications received from Proterra's bankruptcy claims administrator during its bankruptcy proceedings. Further, I have conferred with Class Counsel regarding mediation and settlement negotiations and documentation, among other matters.

4.    I strongly support the preliminarily approved Settlement for $29,000,000 in cash. In approving the Settlement, I have considered the risks and uncertainties of continued litigation, including the real possibility that Plaintiffs' claims may not ultimately succeed or that a jury could significantly limit the Class's damages. I also understand that, even if Plaintiffs prevailed at trial, Defendants would likely appeal that decision and that the appeal process would, at a minimum, substantially delay any recovery by the Class. Weighing these substantial risks and uncertainties against the immediacy and noteworthy amount of the recovery, I believe that the $29,000,000 Settlement is a fair and reasonable result achieved by Class Counsel in light of the benefits it will provide to the Settlement Class and the risks and uncertainties of continued litigation.

5.    While I understand that any determination of attorneys' fees and expenses is ultimately left to the Court, I support Class Counsel's request for an award of attorneys' fees in the amount of 25% of the Settlement Amount, plus interest, and payment of litigation expenses and charges in an amount not to exceed $275,000, incurred by Class Counsel in litigating this Action, plus interest.

6.    I have evaluated Class Counsel's request for an award of attorneys' fees by considering, among other things: the extensive, high-quality work Class Counsel performed on behalf of Plaintiffs and the Class; the recovery obtained for the Settlement Class, which would not have been possible without the vigorous efforts of Class Counsel; the legal complexities and challenges that Class Counsel faced and overcame; and the reasonableness of Class Counsel's request as compared to similar cases within the District. I understand that Class Counsel will also devote additional time and effort in the future to administering the Settlement, should it be approved. Further, Class Counsel assumed substantial financial risk by litigating this case on a contingent fee basis. Based on these factors, I believe that Class Counsel's fee request is fair and reasonable.

7.    I further believe that the amount of litigation expenses and charges requested by Class

DECLARATION OF TANYA TIRADO IN SUPPORT OF FINAL APPROVAL OF SETTLEMENT

Counsel is also fair and reasonable and represent the costs and expenses that were necessary for the successful prosecution and resolution of this Action.

8.      In addition, I understand that reimbursement of a plaintiff's costs and expenses, including lost wages and the cost of time spent in connection with the representation of a class, is authorized under the PSLRA, 15 U.S.C. §§ 77z-1(a)(4) and 78u-4(a)(4). For this reason, in connection with Class Counsel's request for litigation expenses, I am seeking reimbursement for the time I dedicated to the prosecution of the Action, which was time that ordinarily would have been dedicated to my business and investment activities. I have invested in securities for approximately 5 years. In addition to my investment activities, I have worked as a community coordinator for the New York City Department of Education for the past 18 years. I also hold a bachelor's degree in criminal justice from the John Jay College of Criminal Justice.

9.      In my capacity as an Additional Plaintiff, I spent considerable time managing and directing this Action on behalf of the Class. In reviewing my records, I estimate that I spent approximately 40 hours performing the tasks outlined above to achieve the greatest benefit for the Class. Given my participation in this litigation, I respectfully request reimbursement of $5,000 for these efforts. Based on my knowledge and experience, I believe my professional time is worth approximately $150 per hour and therefore believe this request is fair and reasonable. I also support the requests for reimbursement of Mr. Jam, Mr. Villanueva, Mr. Du, Mr. Zinn, and Mr. Quick.

10.      In sum, I was closely involved throughout the prosecution and settlement of the claims in the Action and support the Settlement as fair, reasonable, and adequate, and believe it represents a very favorable recovery for the Class. I further support Class Counsel's request for attorneys' fees and expenses and believe it represents fair and reasonable compensation for Class Counsel in light of the extensive work performed, the recovery obtained for the Class, and the attendant litigation risks. Finally, I respectfully request a compensatory award of $5,000 in light of the considerable time and effort I expended in prosecuting this Action on behalf of the Class. Accordingly, I respectfully request that the Court approve Plaintiffs' Motion for Final Approval of the Proposed Class Action Settlement and Class Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses.

DECLARATION OF TANYA TIRADO IN SUPPORT OF FINAL APPROVAL OF SETTLEMENT

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on this __23__ day of May 2025.

Signed by:

Tanya Tirado

1251B74755D8418...

Tanya Tirado

DECLARATION OF TANYA TIRADO IN SUPPORT OF FINAL APPROVAL OF SETTLEMENT