Adam M. Apton (SBN 316506)
LEVI & KORSINSKY, LLP
1160 Battery Street East, Suite 100
San Francisco, CA 94111
Telephone: (415) 373-1671
aapton@zlk.com

*Lead Counsel for Plaintiffs and the Class*

[Additional counsel appears on signature page.]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| JEREMY VILLANUEVA, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>GARETH T. JOYCE, KARINA FRANCO PADILLA, JOHN J. ALLEN, AMY E. ARD, JOHN F. ERHARD, BROOK F. PORTER, JOAN ROBINSON-BERRY, JEANNINE P. SARGENT, CONSTANCE E. SKIDMORE, MICHAEL D. SMITH, DANIEL R. REVERS, MARCO F. GATTI, ARNO HARRIS, JA-CHIN AUDREY LEE, BRIAN GONCHER, and STEVEN BERKENFELD,<br><br>Defendants. | No. 5:23-cv-03519-EKL<br><br>**REPLY MEMORANDUM AND STATEMENT OF NON-OPPOSITION IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND APPROVAL OF PLAN OF ALLOCATION, AND LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO CLASS REPRESENTATIVE PURSUANT TO 15 U.S.C. §78u-4(a)(4)**<br><br>Date: August 20, 2025<br>Time: 10:00 a.m.<br>Courtroom 7<br>Judge: Hon. Eumi K. Lee |

REPLY RE: MOTIONS FOR FINAL APPROVAL AND ATTORNEYS' FEES
Case No. 5:23-cv-03519-EKL

## I.    INTRODUCTION

Plaintiffs and Lead Counsel moved for approval of the Settlement and fee and expense awards. ECF Nos. 121, 122. Even though objections have become common in class actions, not a single Class Member has objected to the Settlement or fee request or requested exclusion, confirming that the Settlement and requested fees are fair and reasonable. Thus, the notice period has confirmed that the Settlement, Plan of Allocation, and requested amount of attorneys' fees and expenses and awards to Plaintiffs have the support of the unnamed Class Members. The Motions should be granted.

## II.    ARGUMENT

### a.    The Notice Provided to the Class Met All Due Process Requirements.

As detailed in prior submissions, the comprehensive notice program approved by the Court and implemented here was "the best notice that [was] practicable under the circumstances, including individual notice to all members who [could] be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B); *see* ECF No. 120, ¶15. To date, the Claims Administrator has mailed or emailed approximately 65,000 copies of the Postcard Notice to potential Class Members and Nominees and maintained a website dedicated to the Settlement containing all pertinent information and court filings. *See* Supplemental Declaration of Adam D. Walter, ¶¶4-5, 7, filed herewith.

This notice program is very similar to those approved and employed in other securities class actions in this District. *See, e.g.*, *Evanston Police Pension Fund v. McKesson Corp.*, No. 3:18-cv-06525 CRB, Final Judgment and Order of Dismissal with Prejudice, ECF 290, ¶12 (N.D. Cal. July 14, 2023) (Breyer, J.); *Fleming v. Impax Lab'ys Inc.*, 2022 WL 2789496, at *3 (N.D. Cal. July 15, 2022) (Gilliam, J.); *Destefano v. Zynga, Inc.*, 2016 WL 537946, at *7 (N.D. Cal. Feb. 11, 2016) (Corley, J.) (finding individual notice mailed to class members combined with summary publication constituted "the best form of notice available under the circumstances"). As those courts did, this Court should conclude that Lead Counsel here has provided the best notice practicable, as Rule 23 requires and due process demands.

**b.      The Reaction of the Class Strongly Supports Approval of the Settlement and Plan of Allocation.**

Federal Rule of Civil Procedure 23(e)(2) and *Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998), provide factors that the Court must consider when assessing whether to approve a class action settlement. The proposed Settlement readily satisfies the relevant factors, as the Settlement resulted from Plaintiffs' and Lead Counsel's diligent representation of the Class throughout this years-long litigation; the Settlement was negotiated at arm's length with the assistance of an experienced mediator; and the Settlement provides an exceptional recovery considering the costs, risk, and delay of further litigation. *See* ECF No. 121-1, ¶¶24-26, 34-42.

Similarly, the Plan of Allocation provides an equitable basis to allocate the Net Settlement Fund among all authorized Class Members. *See id.* at ¶¶43-48. In particular, the Plan treats Class Members equitably by providing that each will receive a proportional *pro rata* amount of the Net Settlement Fund depending on when each Class Member bought Proterra securities during the Class Period and whether and when they sold such securities.

In determining whether to approve the Settlement and Plan of Allocation, the Court may now assess the final *Hanlon* factor given that the July 1, 2025 objection deadline has passed: "the reaction of the class members to the proposed settlement." *Hanlon*, 150 F.3d at 1026. That reaction – as measured by objections – has been overwhelmingly and uniformly positive, further supporting final approval of the Settlement. *See id.*

Indeed, *zero* Class Members have objected to any aspect of the Settlement. The total absence of objections "'is perhaps the most significant factor to be weighed in considering [the Settlement's] adequacy.'" *In re Rambus Inc. Derivative Litig.*, 2009 WL 166689, at *3 (N.D. Cal. Jan. 20, 2009).[1] This "unanimous, positive reaction to the Proposed Settlement is compelling evidence that the Proposed Settlement is fair, just, reasonable, and adequate." *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004); *accord Impax*, 2022 WL 2789496, at *7. In

---

[1] Citations are omitted throughout unless otherwise indicated.

REPLY RE: MOTIONS FOR FINAL APPROVAL AND ATTORNEYS' FEES
Case No. 5:23-cv-03519-EKL                    2

fact, "'[c]ourts have repeatedly recognized that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class action settlement are favorable to the class members.'" *Foster v. Adams & Assocs., Inc.*, 2022 WL 425559, at *6 (N.D. Cal. Feb. 11, 2022); *accord AdTrader, Inc. v. Google LLC*, 2022 WL 16579324, at *5 (N.D. Cal. Nov. 1, 2022) ("'A court may appropriately infer that a class action settlement is fair, adequate, and reasonable when few class members object to it.'"). Similarly, the lack of objections to the proposed Plan of Allocation provides firm support for its approval. *See In re Heritage Bond Litig.*, 2005 WL 1594403, at *11 (C.D. Cal. June 10, 2005) ("The fact that there has been no objection to this plan of allocation favors approval of the Settlement.").

Of particular significance, no institutional investors, those Class Members typically with the largest amounts at stake, objected to either the Settlement or the Plan of Allocation. The overwhelmingly and uniformly positive reaction from sophisticated institutional investors is further persuasive evidence that the Settlement is fair. *See In re Regulus Therapeutics Inc. Sec. Litig.*, 2020 WL 6381898, at *6 (S.D. Cal. Oct. 30, 2020) ("Many potential class members are sophisticated institutional investors; the lack of objections from such institutions indicates that the settlement is fair and reasonable.").

In short, "[t]he small number of objections [in this case, *zero*] supports that the settlement and plan of allocation are fair, reasonable, and adequate." *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, 2019 WL 2077847, at *3 (N.D. Cal. May 10, 2019) (approving $48 million securities fraud class action settlement where "[o]nly one class member objected to the settlement and only 16 potential class members opted out of the settlement"). Accordingly, the Court should approve the Settlement and Plan of Allocation here as fair, adequate, and reasonable.

c.    **The Reaction of the Class Strongly Supports Approval of the Requested Attorneys' Fees, Expenses and Award to Plaintiffs.**

The Notice identified that Lead Counsel intended to seek a fee of 25% of the Settlement Amount, payment of litigation expenses not to exceed $275,000, and an award to Plaintiffs not to exceed $35,000 (collectively) pursuant to 15 U.S.C. §§ 77z-1(a)(4) and 78u-4(a)(4). The fee award

for the Settlement has the support of the Plaintiffs and, based on the lack of even a single objection, the entire class.

As explained in the opening brief, the exceptional result, "[t]he touchstone for determining the reasonableness of attorneys' fees in a class action,"[2] strongly supports the requested award of attorneys' fees and expenses. *See Impax*, 2022 WL 2789496, at *8. The result is even more impressive given the highly complex and uncertain nature of this securities fraud class action and the potential for years of additional litigation absent the Settlement, and it required skill and high-quality work to attain. The 25% fee request is also consistent with (if not less than) fee awards in similar securities class actions. *See, e.g.*, *Impax*, 2022 WL 2789496, at *8 (awarding 30% of $33 million settlement); *In re Tezos Sec. Litig.*, 2020 WL 13699946, at *1 (N.D. Cal. Aug. 28, 2020) (Seeborg, J.) (awarding one-third of $25 million recovery); *In re Banc of Cal. Sec. Litig.*, 2020 WL 1283486, at *1 (C.D. Cal. Mar. 16, 2020) (awarding 33% of $19.75 million recovery); *see also Louisiana Sheriffs' Pension & Relief Fund v. Cardinal Health, Inc.*, 2023 WL 5951767, at *2 (S.D. Ohio Sept. 13, 2023) (awarding 30% of $109 million recovery).

The appropriateness of Lead Counsel's fee request is further confirmed with a cross check against their lodestar, which reflects a 2.25 multiplier. *See In re Facebook Biometric Info. Privacy Litig.*, 522 F. Supp. 3d 617, 633 (N.D. Cal. 2021) (Donato, J.) (awarding fee in $650 million common fund settlement representing 4.71 multiplier), *aff'd*, 2022 WL 822923 (9th Cir. Mar. 17, 2022); *In re Twitter Inc. Sec. Litig.*, 2022 WL 17248115, at *2 (N.D. Cal. Nov. 21, 2022) (Tigar, J.) (awarding fee representing 4.14 multiplier); *Hefler v. Wells Fargo & Co.*, 2018 WL 6619983, at *14 (N.D. Cal. Dec. 18, 2018) (Tigar, J.) (awarding fee representing a 3.22 multiplier). Thus, as set forth in Lead Counsel's Attorneys' Fees Motion, Lead Counsel's fee request is well grounded in Ninth Circuit law, consistent with numerous prior fee awards, and supported by the particular facts of this case.

Finally, given the frequency of objections, it is significant that no Class Member has objected to Lead Counsel's request for attorneys' fees, payment of litigation expenses, or award to Plaintiffs.

---

[2] *Lowery v. Rhapsody Int'l, Inc.*, 69 F.4th 994, 997 (9th Cir. 2023).

The lack of objections, particularly given that the Class includes many sophisticated institutional investors, weighs strongly in favor of granting the requested attorneys' fees and expenses. *See Hefler*, 2018 WL 6619983, at *15 ("As with the Settlement itself, the lack of objections from institutional investors 'who presumably had the means, the motive, and the sophistication to raise objections' [to the attorneys' fee] weighs in favor of approval."); *In re Nuvelo, Inc. Sec. Litig.*, 2011 WL 2650592, at *3 (N.D. Cal. July 6, 2011) (finding only one objection to fee request to be "a strong, positive response from the class"); *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1048 (N.D. Cal. 2008) ("None of the objectors raised any concern about the amount of the fee. This factor . . . also supports the requested award of 28% of the Settlement Fund."). Accordingly, the Court should approve Lead Counsel's request for an award of attorneys' fees of 25% of the Settlement Amount, payment of $ $150,230.15 for litigation expenses, and award to Plaintiffs of $35,000 (collectively).

> ### d.      Claims Received to Date.

The Notice informed potential Class Members that in order to receive a payment under the Settlement, they needed to submit a Proof of Claim to the Claims Administrator such that it was postmarked or submitted online by August 29, 2025. Through July 15, 2025, the Claims Administrator has received 892 Claims. Supplemental Declaration of Adam D. Walter at ¶5.

## III.   CONCLUSION

Plaintiffs and Lead Counsel obtained an exceptional result for the Class, and the Class agrees. For the reasons set forth above and in their previously filed briefs and declarations, Plaintiffs and Lead Counsel respectfully request that the Court approve the proposed Settlement and Plan of Allocation, as well as the request for attorneys' fees, payment of expenses, and awards to Plaintiffs. A proposed order granting the requested relief is filed herewith reflecting the absence of any persons excluded from the Settlement (by deleting from Paragraphs 4 and 6 references to an "Exhibit A" which would have contained a list of excluded persons). *See* ECF No. 121-9, ¶¶4, 6.

Dated: July 15, 2025

Respectfully submitted,

LEVI & KORSINSKY, LLP

*/s/ Adam M. Apton*
Adam M. Apton (SBN 316506)
1160 Battery Street East, Suite 100
San Francisco, CA 94111
Telephone: (415) 373-1671
aapton@zlk.com

*-and-*

Joshua B. Silverman
Christopher P.T. Tourek
POMERANTZ LLP
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
jbsilverman@pomlaw.com
ctourek@pomlaw.com

*Counsel for Plaintiffs and the Class*