**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

JEREMY VILLANUEVA, et al.,

               Plaintiffs,

    v.

GARETH JOYCE, et al.,

               Defendants.

Case No. 5:23-cv-03519-EKL

**ORDER AND FINAL JUDGMENT**

**Order and Final Judgment**

On August 20, 2025, the Court held a hearing to determine: (1) whether the terms and conditions of the Stipulation of Settlement dated January 3, 2025 ("Stipulation"), ECF No. 113, are fair, reasonable, and adequate for the settlement of all claims asserted by the Class in this Action, including the release of the Released Claims against the Released Parties, and should be approved; (2) whether judgment should be entered dismissing this Action with prejudice; (3) whether to approve the proposed Plan of Allocation as a fair and reasonable method to allocate the Net Settlement Fund among Class Members; (4) whether and in what amount to award attorneys' fees to Class Counsel; (5) whether and in what amount to award Class Counsel reimbursement of litigation expenses; and (6) whether and in what amount to award compensation to Plaintiffs.

The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing in the record that the Summary Notice substantially in the form approved by the Court in the Court's Preliminary Approval Order dated April 3, 2025 was published; the Postcard Notice directing recipients to the full Notice and Proof of Claim were mailed, and the Notice, Proof of Claim, and other settlement documents were posted to the Settlement website; all in accordance with the Preliminary Approval Order and the specifications of the Court; and

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1.    This Order and Final Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth therein.

1

ORDER AND FINAL JUDGMENT               CASE NO. 5:23-CV-03519-EKL

2.     The Court has jurisdiction over the subject matter of the Action.

3.     The Court finds that, for settlement purposes only, the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied.

4.     The Court hereby finally certifies this Action as a class action for purposes of the Settlement, pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of: (1) all persons or entities who purchased or otherwise acquired public shares in Proterra (including by exchange of publicly-listed ArcLight Clean Transition Corp. shares) pursuant and/or traceable to the proxy/registration statement filed with the SEC on Form S-4 on February 2, 2021, and thereafter amended on Form S-4/A and filed on April 7, 2021, and May 7, 2021, and the body of which was incorporated into the final prospectus on Form 424(b)(3) filed on May 14, 2021, as amended; and (2) all persons who purchased or otherwise acquired Proterra common stock between August 11, 2021 and August 7, 2023, inclusive ("10(b) Class Period"). Excluded from the Class are: (a) Defendants and their immediate families; (b) current and former directors or officers of Proterra or ArcLight Clean Transition Corp. and their immediate families; (c) any entity that has entered into a stockholder agreement or co-venture agreement with Proterra, or was a Private Investment in Public Equities ("PIPE") investor in Proterra; and (d) each of the foregoing persons' legal representatives, heirs, successors or assigns, and any entity controlled, majority-owned or wholly owned, or affiliated with any of the above all persons who purchased or otherwise acquired Proterra common stock during the 10(b) Class Period. For the avoidance of doubt, "affiliates" are persons or entities that are controlled by or are under common control with one or more of the Defendants.

5.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, for the purposes of this Settlement only, Plaintiffs are certified as the class representatives on behalf of the Class and Class Counsel previously selected by them are hereby appointed as counsel for the Class.

6.     In accordance with the Court's Preliminary Approval Order, the Court hereby finds that the forms and methods of notifying the Class of the Settlement and its terms and conditions met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities

2

ORDER AND FINAL JUDGMENT                                    CASE NO. 5:23-CV-03519-EKL

Litigation Reform Act of 1995; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all Persons entitled to such notice. No Class Member is relieved from the terms and conditions of the Settlement, including the releases provided for in the Stipulation, based upon the contention or proof that such Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged. Thus, it is hereby determined that all Class Members are bound by this Order and Final Judgment.

7.      The Settlement is approved as fair, reasonable, and adequate under Rule 23 of the Federal Rules of Civil Procedure, and in the best interests of the Class. This Court further finds that the Settlement set forth in the Stipulation is the result of good faith, arm's-length negotiations between experienced counsel representing the interests of Plaintiffs, Class Members, and Defendants. The Parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

8.      The Action and all claims contained therein, as well as all of the Released Plaintiffs' Claims, are dismissed with prejudice as against Defendants and the Released Defendants' Parties. The Parties are to bear their own costs, except as otherwise provided in the Stipulation.

9.      Plaintiffs and Class Members, on behalf of themselves, their successors, assigns, executors, heirs, administrators, representatives, attorneys, and agents, in their capacities as such, regardless of whether any such Person ever seeks or obtains by any means, including without limitation by submitting a Proof of Claim, any disbursement from the Settlement Fund, shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Plaintiffs' Claims against the Released Defendants' Parties. Plaintiffs and Class Members shall be deemed to have, and by operation of this Order and Final Judgment shall have, covenanted not to sue the Released Defendants' Parties with respect to any and all Released Plaintiffs' Claims in any forum and in any capacity. Plaintiffs and

ORDER AND FINAL JUDGMENT                                         CASE NO. 5:23-CV-03519-EKL

Class Members shall be and hereby are permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Plaintiffs' Claim, in any capacity, against any of the Defendants' Released Parties. Defendants similarly release and are permanently barred and enjoined from pursuing Released Defendants' Claims against the Released Plaintiffs' Parties. Nothing contained herein shall, however, bar any Plaintiff or Defendant from bringing any action or claim to enforce the terms of the Stipulation or this Order and Final Judgment.

10.     The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Class Members, and Class Counsel and the Settlement Administrator are directed to administer the Plan of Allocation in accordance with its terms and the terms of the Stipulation.

11.     The Court awards fees to Class Counsel in the amount of 25% of the Settlement Amount, or $7,250,000, plus any interest accrued thereon, and reimbursement of expenses to Class Counsel in the amount of $150,230.15 plus any interest accrued thereon, all to be paid from the Settlement Fund. Class Counsel shall be solely responsible for allocating the attorneys' fees and expenses among themselves and any other additional plaintiffs' counsel in the manner in which Class Counsel in good faith believe reflects the contributions of such counsel to the initiation, prosecution, and resolution of the Action. The Escrow Agent shall withhold 15% of the awarded fees until a post-distribution accounting has been filed, at which point Class Counsel may file an application to distribute this withheld portion. The Court also awards Lead Plaintiff a compensatory award in the amount of $10,000 and all other named Plaintiffs a compensatory award of $5,000 each, also to be paid from the Settlement Fund.

12.     The Court finds that the Parties and their counsel have complied with all requirements of Rule 11 of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995 as to all proceedings herein.

ORDER AND FINAL JUDGMENT                                    CASE NO. 5:23-CV-03519-EKL

13.    Neither this Order and Final Judgment, the Stipulation (nor the Settlement contained therein), nor any of its terms and provisions, nor any of the negotiations, documents or proceedings connected with them:

(a)    is or may be deemed to be, or may be used as an admission, concession, or evidence of, the validity or invalidity of Released Plaintiffs' Claims, the truth or falsity of any fact alleged by Plaintiffs, the sufficiency or deficiency of any defense that has been or could have been asserted in the Action, or of any wrongdoing, liability, negligence or fault of Defendants or the Released Defendants' Parties;

(b)    is or may be deemed to be or may be used as an admission of, or evidence of, any fault or misrepresentation or omission with respect to any statement or written document attributed to, approved or made by Defendants or the Released Defendants' Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal;

(c)    is or may be deemed to be or shall be used, offered, or received against Plaintiffs, any Class Member, Defendants, the Released Plaintiffs' Parties or the Released Defendants' Parties, as an admission, concession or evidence of the validity or invalidity of the Released Claims, the infirmity or strength of any claim raised in the Action, the truth or falsity of any fact alleged by the Plaintiffs or the Class, or the availability or lack of availability of meritorious defenses to the claims raised in the Action;

(d)    is or may be deemed to be or shall be construed as or received in evidence as an admission or concession against Plaintiffs, any Class Member, Defendants, the Released Plaintiffs' Parties or the Released

5

Defendants' Parties, that any of the claims in this Action are with or without merit, that a litigation class should or should not be certified, that damages recoverable in the Action would have been greater or less than the Settlement Fund or that the consideration to be given pursuant to the Stipulation represents an amount equal to, less than or greater than the amount which could have or would have been recovered after trial.

14.     The terms of 15 U.S.C. §78u-4(f)(7) shall apply to this Settlement, pursuant to which each Defendant shall be discharged from all claims for contribution brought by other persons or entities. In accordance with 15 U.S.C. §78u-4(f)(7), this Order and Final Judgment includes a bar order constituting the final discharge of all obligations to any Class Member of each of the Defendants arising out of the Action or any of the Released Plaintiffs' Claims and, upon the Effective Date, shall bar, extinguish, discharge, satisfy, and render unenforceable all future claims for contribution arising out of the Action or any of the Released Plaintiffs' Claims (a) by any person or entity against any Defendant; and (b) by any Defendant against any person or entity other than any person or entity whose liability has been extinguished by the Settlement. For the avoidance of doubt, nothing in this Order and Final Judgment shall apply to bar or otherwise affect any claim for insurance coverage by any Defendant.

15.     Except as otherwise provided herein or in the Stipulation, all funds held by the Escrow Agent shall be deemed to be *in custodia legis* and shall remain subject to the jurisdiction of the Court until such time as the funds are distributed or returned pursuant to the Stipulation and/or further order of the Court.

16.     Without affecting the finality of this Order and Judgment in any way, this Court hereby retains continuing exclusive jurisdiction regarding the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the Settlement proceeds to the Class Members.

17.  Without further order of the Court, Defendants and Plaintiffs may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18.  The finality of this Order and Final Judgment is not contingent on rulings that the Court may make on any application in the Action for fees or expenses to Class Counsel, or compensatory awards to Plaintiffs.

19.  If the Settlement is not consummated in accordance with the terms of the Stipulation, then the Stipulation and this Order and Final Judgment shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any action or proceeding by any Person against the Parties or the Released Defendants' Parties or Released Plaintiffs' Parties, and each Party shall be restored to his, her or its respective litigation positions as they existed on November 15, 2024, pursuant to the terms of the Stipulation.

**IT IS SO ORDERED.**

DATED:  August 25, 2025

_____
Eumi K. Lee
United States District Judge

ORDER AND FINAL JUDGMENT                                    CASE NO. 5:23-CV-03519-EKL