Matthew J. Dolan (Bar No. 291150)
SIDLEY AUSTIN LLP
1001 Page Mill Road Building 1
Palo Alto, CA 94304
Tel: (650) 565-7000
mdolan@sidley.com

*Counsel for Anthelion I Prodigy Holdco LP*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE COURTHOUSE

| | |
|---|---|
| JEREMY VILLANUEVA, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> GARETH T. JOYCE, KARINA FRANCO PADILLA, JOHN J. ALLEN, AMY E. ARD, JOHN F. ERHARD, BROOK F. PORTER, JOAN ROBINSON-BERRY, JEANNINE P. SARGENT, CONSTANCE E. SKIDMORE, MICHAEL D. SMITH, DANIEL R. REVERS, MARCO F. GATTI, ARNO HARRIS, JA-CHIN AUDREY LEE, BRIAN GONCHER, and STEVEN BERKENFELD, <br><br> Defendants. | Case No.: 5:23-cv-03519-EKL <br><br> **MEMORANDUM IN OPPOSITION TO MOTION FOR DISTRIBUTION OF CLASS SETTLEMENT FUNDS** <br><br> <u>CLASS ACTION</u> <br><br> Judge:  Hon. Eumi K. Lee <br><br> Courtroom:  7 <br> Date:          March 25, 2026 <br> Time:          10:00 a.m. |

MEMORANDUM IN OPPOSITION TO MOTION FOR DISTRIBUTION OF CLASS SETTLEMENT FUNDS

**TABLE OF CONTENTS**

TABLE OF CONTENTS.................................................................................................................. II

TABLE OF AUTHORITIES ........................................................................................................... III

I. INTRODUCTION .................................................................................................. - 1 -

II. BACKGROUND ................................................................................................... - 1 -

III. ARGUMENT......................................................................................................... - 1 -

IV. CONCLUSION...................................................................................................... - 5 -

CERTIFICATE OF SERVICE ....................................................................................................... - 6 -

MEMORANDUM IN OPPOSITION TO MOTION FOR DISTRIBUTION OF CLASS SETTLEMENT FUNDS

# TABLE OF AUTHORITIES

**Cases**                                                                                    **Page(s)**

*In re Montgomery Ward, LLC,*
     634 F.3d 732 (3d Cir. 2011)...........................................................................................3, 4

MEMORANDUM IN OPPOSITION TO MOTION FOR DISTRIBUTION OF CLASS SETTLEMENT FUNDS

## I.  INTRODUCTION

Anthelion I Prodigy Holdco LP (formerly CSI I Prodigy Holdco LP) ("Anthelion") respectfully moves for relief from the proposed distribution of settlement funds. Anthelion satisfies the Settlement Agreement's Class Definitions and has complied with all claims submission requirements. Despite this, the Claims Administrator ("Administrator") improperly excluded Anthelion from settlement distribution. *See* ECF No. 133 at 7. Anthelion thus respectfully requests that this Court correct the Claims Administrator's errors and hold that Anthelion is a Class Member for purposes of fund distribution.

## II.  BACKGROUND

Before Proterra became a publicly traded company, Anthelion entered into a note purchase agreement pursuant to which Proterra issued second lien convertible notes and accompanying warrants to purchase stocks. Declaration of Ewa Kozicz, Ex. A, ¶¶ 3-4. After Proterra went public through a de-SPAC transaction in June 2021, Anthelion acquired shares of common stock in Proterra on the open market and via the exercise of the warrants. *Id.* at ¶¶ 5-6; Ex. A-1, Schedule of Qualifying Stock Purchases.

Anthelion is a member of the Settlement Class because it "purchased or otherwise acquired shares of Proterra between August 11, 2021 and August 7, 2023" and was damaged thereby. *See* ECF No. 128 at 4, ¶¶ 3-9. As set forth in the Declaration of Ms. Kozicz, all of the shares were acquired within the Class period. Ex. A, ¶ 7; *see also* Ex. A-1. Pursuant to the Settlement Notice in this matter, Anthelion timely submitted a Claim Form on August 12, 2025. On October 8, 2025, the Claims Administrator sent a Claim Rejection, asserting that Anthelion's claim is excluded under the Settlement Notice. On November 3, 2025, the Claims Administrator clarified its position, asserting four alleged reasons for the Claim Rejection. None of the Administrator's proffered reasons have merit, and Anthelion addresses each error in turn below.

## III.  ARGUMENT

*First*, Anthelion was not one of Proterra's PIPE investors nor is it affiliated with them. The Claims Administrator alleges that Anthelion was a "PIPE investor[] in Proterra or affiliated with PIPE investors" and is thus excluded from the Class. ECF No. 133 at 8. PIPE investors, as the Complaint

- 1 -

MEMORANDUM IN OPPOSITION TO MOTION FOR DISTRIBUTION OF CLASS SETTLEMENT FUNDS

against Defendants explains, "purchased an aggregate 41,500,000 shares of Proterra common stock" in connection with Proterra's de-SPAC merger. *See* Complaint ¶ 118; *see also* explanation of Proterra's de-SPAC transaction, Ex. A, ¶ 5. That is simply incorrect. As set forth in the Declaration of Ms. Kozicz, Anthelion did not purchase *any* securities of either the special purpose acquisition company or legacy Proterra in connection with the de-SPAC transaction, whether as part of a PIPE or otherwise. Ex. A, ¶ 5. Anthelion thus does not meet the criteria for being categorized as a PIPE investor and the Claims Administrator's first grounds for exclusion are incorrect.

*Second*, Anthelion was not a party to any stockholder or co-venture agreement with respect to Proterra, nor were any of its affiliates. The Claims Administrator asserts the opposite, saying that Anthelion "was a party to a stockholder agreement or co-venture agreement with Proterra." ECF No. 133 at 8. Although it is not entirely clear, the Claims Administrator may be referring to the Note Purchase Agreement ("Agreement") entered into before Proterra became a public company. Under the Agreement, Proterra issued second lien convertible notes and warrants to purchase shares of Proterra stock to certain investment vehicles, including Anthelion. Ex. A, ¶¶ 3-4.

Critically, however, as Ms. Kozicz explains in her Declaration, Proterra was not a publicly traded company at the time of this Agreement. *Id.* Moreover, as the Declaration again provides, Anthelion only exercised the warrants issued under the Agreement once Proterra went public. Ex. A, ¶ 6. As such, Anthelion's relationship with Proterra prior to Proterra going public did not constitute a stockholder or co-venture agreement. Anthelion thus should not be excluded from the Class under this exception.

*Third*, Anthelion is not a Released Defendant Party and was improperly excluded from the Class on this basis. In the Claims Administrator's November 3, 2025 Claims Rejection Letter, the Administrator asserted that CSI I Prodigy Holdco LP[1] is a Released Defendant Party under the terms of the Stipulation of Settlement, and was thus ineligible for fund distribution. However, as Ms. Kozicz's Declaration makes clear, no Anthelion entity is a Defendant, a family member of Defendants, or a trust as required by the Stipulation of Settlement. Ex. A, ¶ 2; *see also* ECF No. 113,

---

[1] CSI I Prodigy Holdco LP is the same entity as Anthelion.  Ex. A, ¶ 1.

MEMORANDUM IN OPPOSITION TO MOTION FOR DISTRIBUTION OF CLASS SETTLEMENT FUNDS

Stipulation of Settlement, Definition of Released Defendants' Parties at 7, ¶ Z, §§ (i), (ii), (iv). Nor do Defendants have any ownership interest in Anthelion. Ex. A, ¶ 2; *see* ECF No. 113 at 7, ¶ Z, § (vi). The Administrator should not, therefore, treat Anthelion differently than other pre-bankruptcy equity holders of Proterra who are eligible for payment under the Settlement.

On August 7, 2023, Proterra filed for relief under chapter 11 of the Bankruptcy Code. *Id.* at ¶ 9. Certain Anthelion entities served as the plan sponsor in the proceedings and Anthelion received total equity ownership in the new Proterra entities that existed following the bankruptcy reorganization. *Id.* To the extent the Claims Administrator asserts that Anthelion is a Released Defendant Party as a consequence of this transaction, that is incorrect. Pre-bankruptcy and post-bankruptcy entities are distinct, and no affiliate relationship can be attributed between them on that basis. *See In re Montgomery Ward, LLC*, 634 F.3d 732, 737 (3d. Cir. 2011) ("Three entities are involved in a successful Chapter 11 plan confirmation: the pre-bankruptcy debtor, the estate, and the post-bankruptcy business. The debtor gives way to the bankruptcy estate at the time of the initial filing, the estate gives way to the post-bankruptcy entity on confirmation of the plan, and the post-bankruptcy business survives the confirmation.") (internal citations omitted). The pre-bankruptcy Proterra entities are thus distinct from the post-bankruptcy Proterra entities at issue, meaning Anthelion is not an affiliate or equity owner of Proterra or ArcLight Clean Transition Corp.,[2] and should not be erroneously classified as such.

It would likewise be inequitable to disqualify Anthelion from participating in the Settlement by classifying them as Released Defendants' Parties because none of the post-bankruptcy, reorganized Proterra entities are Defendants. As the Declaration of Ms. Kozicz sets forth, no Anthelion entities or reorganized Proterra entities received any benefit from the releases in the Settlement because Anthelion had no control over the Defendants' actions underlying the suit and Proterra received a discharge in the chapter 11 cases. *Id.* at ¶¶ 9-10. In fact, Anthelion and Proterra, at that time managed by certain of the Defendants, contested a number of issues in Proterra's bankruptcy cases, and Anthelion only acquired the Proterra entities out of the bankruptcy because of

---

[2] ArcLight Clean Transition Corp. was a Special Purpose Acquisition Company ("SPAC") that merged with Proterra in 2021. *See* Ex. A, ¶ 5.

MEMORANDUM IN OPPOSITION TO MOTION FOR DISTRIBUTION OF CLASS SETTLEMENT FUNDS

their status as third-party lenders to pre-bankruptcy Proterra. *Id.* at ¶ 10. Anthelion is not a Released Defendant Party and the Court should rectify the Administrator's error by recognizing Anthelion as a Class Member.

*Fourth*, in addition to the warrants, Anthelion purchased Proterra stock on the open market, qualifying it as a Class Member. The Claims Administrator alleges that Anthelion is unable to participate in the settlement because it acquired stock through warrants and/or convertible notes. ECF No. 133 at 8. But under the Settlement agreement, those investors who "purchased or otherwise acquired shares of Proterra between August 11, 2021 and August 7, 2023" are included in the Class. ECF No. 113 at 29, ¶¶ 8-10. Anthelion did exactly that. As shown in Exhibit A-1, Anthelion made qualifying purchases comprised of 6,376,946 shares purchased on the open market and 1,710,951 shares acquired from the exercises of warrants between August 11, 2021 and August 7, 2023. Ex. A-1.

Further, as stated in Ms. Kozicz's Declaration, Anthelion did not acquire any Proterra stock through convertible notes as alleged in the Administrator's Claim Rejection. Indeed, the convertible notes at issue were never converted to shares in Proterra under the notes' terms and the notes remained outstanding in the de-SPAC merger. Ex. A, ¶ 8. And while Anthelion acquired equity in post-bankruptcy, reorganized Proterra pursuant to the bankruptcy plan, as noted above, that equity is legally distinct from equity in pre-bankruptcy Proterra. *See Montgomery Ward*, F.3d at 737.

While there appears to be one sentence in the Settlement Notice potentially excluding stock purchased through the exercise of warrants, it is unclear whether or why such stock purchases would be excluded and the Claims Administrator makes no attempt to explain such an exclusion. *See* ECF No. 113 at 54 ("Any Recognized Loss arising from purchases of shares acquired during the Class Period through the exercise of an option or warrant are not eligible to participate in the Settlement."). The Claims Administrator appears to have unilaterally imposed this limitation, and it should not be construed as narrowing the formal, court-approved definition of "Class Member." Under the plain terms of the definition included in the Court's Order Granting Motion for Final Approval of Settlement, Anthelion is a Class Member. *See* ECF No. 128 at 4, ¶¶ 3-9.

MEMORANDUM IN OPPOSITION TO MOTION FOR DISTRIBUTION OF CLASS SETTLEMENT FUNDS

Even in the event the Court chooses to formally incorporate the Administrator's Notice language into the Class Member definition, Anthelion's recovery on its open-market transactions should remain unaffected because its open market transactions would retain their eligibility under the updated Class definition. Thus under any such definition, current or revised, Anthelion should not be wholesale excluded from the Class.

## IV.    CONCLUSION

In conclusion, Anthelion is a member of the Class and as such it has a right to have its claims recognized. The four reasons the Claims Administrator asserted against Anthelion in its Rejection Letter and Motion for Distribution of Funds lack grounding in the facts of the matter. Anthelion respectfully requests that the Court correct the Claims Administrator's errors and hold that Anthelion is a Class Member deserving of fund distribution.

DATED: February 26, 2026

 /s/ Matthew J. Dolan
Matthew J. Dolan (Bar No. 291150)
SIDLEY AUSTIN LLP
1001 Page Mill Road Building 1
Palo Alto, CA 94304
Tel: (650) 565-7000
mdolan@sidley.com

*Counsel for Anthelion I Prodigy Holdco LP*

MEMORANDUM IN OPPOSITION TO MOTION FOR DISTRIBUTION OF CLASS SETTLEMENT FUNDS

## CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2026, I electronically filed the foregoing with the clerk of court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Matthew J. Dolan
*Counsel for Anthelion I Prodigy Holdco LP*

MEMORANDUM IN OPPOSITION TO MOTION FOR DISTRIBUTION OF CLASS SETTLEMENT FUNDS