**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE COURTHOUSE**

JEREMY VILLANUEVA, Individually and On Behalf of All Others Similarly Situated,

                        Plaintiff,

        v.

GARETH T. JOYCE, KARINA FRANCO PADILLA, JOHN J. ALLEN, AMY E. ARD, JOHN F. ERHARD, BROOK F. PORTER, JOAN ROBINSON-BERRY, JEANNINE P. SARGENT, CONSTANCE E. SKIDMORE, MICHAEL D. SMITH, DANIEL R. REVERS, MARCO F. GATTI, ARNO HARRIS, JA-CHIN AUDREY LEE, BRIAN GONCHER, and STEVEN BERKENFELD,

                        Defendants.

No. 5:23-cv-03519-EKL

CLASS ACTION

Hon. Eumi K. Lee

**[PROPOSED] ORDER APPROVING DISTRIBUTION OF NET SETTLEMENT FUND**

Lead Plaintiff Cyress Jam and additional Plaintiffs Jeremy Villanueva, Tanya Tirado, Luong Du, William E. Zinn, and Raymond H. Quick (collectively, "Plaintiffs") on behalf of themselves and the Class, move this Court for an order approving the distribution of the Net Settlement Fund pursuant to the Settlement of this Action.

Having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefor, IT IS HEREBY ORDERED THAT:

1.      This Order incorporates by reference the definitions in the Stipulation of Settlement (the "Stipulation") (ECF No. 113), and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2.      This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Members of the Settlement Class.

3.      The administrative recommendations of the Court-approved Claims Administrator, A.V. Data, Ltd. ("A.B. Data" or the "Claims Administrator"), to accept the Claims deemed acceptable

in whole or in part, listed in Exhibits D and E to the Declaration of Adam D. Walter in Support of Lead Plaintiff's Motion for Distribution of Class Settlement Funds and Memorandum of Points and Authorities in Support Thereof (the "Walter Declaration"), are adopted.

4.    The Claims Administrator's administrative recommendations to reject the Claims that A.B. Data has wholly rejected, listed in Exhibit F, are adopted.

5.    The proposed plan for distributing the Net Settlement Fund (the "Distribution Plan") as set forth in the Walter Declaration is APPROVED. Accordingly:

a.    A.B. Data will distribute 100% of the available balance of the Net Settlement Fund, after deducting all payments approved by the Court, and after payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, to Authorized Claimants who would receive at least $20.00 based on their Recognized Claim in comparison to the total Recognized Claims of all Authorized Claimants (the "Distribution"), as follows:

i.    A.B. Data will calculate each Authorized Claimant's pro rata share of the Net Settlement Fund based on the amount of each Authorized Claimant's Recognized Claim in comparison to the total Recognized Claims of all Authorized Claimants.

ii.    A.B. Data will, pursuant to the terms of the Plan of Allocation, eliminate from the distribution any Authorized Claimant whose pro rata share calculates to less than $20.00.  Such Claimants will not receive any distribution from the Net Settlement Fund, and A.B. Data will send notifications to those Authorized Claimants advising them of that fact.

iii.    After eliminating Claimants who would have received less than $20.00, A.B. Data will recalculate the pro rata share of the Net Settlement Fund for Authorized Claimants who would have received $20.00 or more. A "Distribution Amount" will be calculated for each of these Authorized Claimants, which shall be the Authorized Claimant's Recognized Claim

divided by the total Recognized Claims of all Authorized Claimants who would have received $20.00 or more, multiplied by the total amount in the Net Settlement Fund.

b. To encourage Authorized Claimants to deposit their payments promptly, all distribution checks will bear a notation: "CASH PROMPTLY. VOID AND SUBJECT TO REDISTRIBUTION IF NOT CASHED BY [DATE 90 DAYS AFTER ISSUE DATE]."

c. Authorized Claimants who do not cash their Initial Distribution checks within the time allotted or on the conditions set forth above will irrevocably forfeit all recovery from the Settlement. The funds allocated to all such stale-dated checks will be available for distribution to other Authorized Claimants in the Second Distribution. Similarly, Authorized Claimants who do not cash their second or subsequent distribution checks, should such distributions occur, within the time allotted or on the conditions set forth above will irrevocably forfeit any further recovery from the Net Settlement Fund.

d. Consistent with the Court-approved Plan of Allocation, after A.B. Data has made reasonable and diligent efforts to have Authorized Claimants cash their Distribution checks, which efforts shall consist of the follow-up efforts described above, but no earlier than six (6) months after the Distribution, A.B. Data will, if Class Counsel, in consultation with A.B. Data, determine that it is cost effective to do so, conduct a second distribution (the "Second Distribution"), pursuant to which any amounts remaining in the Net Settlement Fund after the Distribution, after deducting any amounts mistakenly omitted from the initial distribution, A.B. Data's fees and expenses incurred in connection with administering the Settlement for which it has not yet been paid (including the estimated costs of such Second Distribution), and after the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, will be distributed to all Authorized Claimants in the

Distribution who cashed their first distribution payment and who are entitled to at least $20.00 from the redistribution based on their pro rata share of the remaining funds. Additional redistributions, after deduction of costs and expenses as described above and subject to the same conditions, may occur thereafter in six-month intervals until Class Counsel, in consultation with A.B. Data, determine that further redistribution is not cost effective.

e. At such time as Class Counsel, in consultation with A.B. Data, determines that further distribution of the funds remaining in the Net Settlement Fund is not cost-effective, if sufficient funds remain to warrant the processing of Claims received after December 15, 2025, those Claims will be processed, and any otherwise valid Claims received after December 15, 2025, as well as any earlier-received Claims for which an adjustment was received after December 15, 2025, that resulted in an increased Recognized Claim, will be paid in accordance with subparagraph (f) below. If any funds remain in the Net Settlement Fund after payment of these late or late-adjusted Claims, the remaining balance of the Net Settlement Fund, after payment of any unpaid fees or expenses incurred in connection with administering the Net Settlement Fund and after the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, shall be contributed to a non-sectarian, non-profit Section 501(c)(3) organization identified by Class Counsel and deemed appropriate by the Court.

f. No new Claims may be accepted after December 15, 2025, and no further adjustments to Claims received on or before December 15, 2025, that would result in an increased Recognized Claim may be made for any reason after December 15, 2025, subject to the following exception. If Claims are received or modified after December 15, 2025, that would have been eligible for payment or additional payment under the Plan of Allocation if timely received, then at the time that Class Counsel, in consultation with A.B. Data, determines that an additional distribution

is not cost-effective as provided in subparagraph (e) above, and after payment of any unpaid fees or expenses incurred in connection with administering the Net Settlement Fund and after deducting the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, such Claimants, at the discretion of Class Counsel and to the extent possible, may be paid the distribution amounts or additional distribution amounts on a *pro rata* basis that would bring them into parity with other Authorized Claimants who have cashed all their prior distribution checks.

g.   Unless otherwise ordered by the Court, A.B. Data may destroy the paper copies of the Claims and all supporting documentation one (1) year after the Initial Distribution, and one (1) year after all funds have been distributed may destroy the electronic copies of the same.

6.   All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of Claims submitted herein, or otherwise involved in the administration or taxations of the Net Settlement Fund, including Plaintiffs, Plaintiffs' Counsel, the Claims Administrator, the Escrow Agents, or any other agent designated by Class Counsel, are released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members are barred from making any further claim against the Net Settlement Fund or the Released Parties, including the entities named in this Paragraph.

IT IS SO ORDERED.

Dated: _____March 31_____, 2026        _____

The Honorable Eumi K. Lee
United States District Judge